THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SALVATORE ODDO, Respondent.

First Department, March 16, 1954.

*Paul A. Stone* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney,* attorney), for appellant.

*Max Fruchtman* of counsel (*Salvatore Oddo,* respondent in person), for respondent.

*Per Curiam.* The People appeal from an order granting defendant's motion for a writ of error *coram nobis* and vacating a judgment of conviction and sentence rendered on July 13, 1931, on a plea of guilty to the crime of robbery in the third degree.

It is defendant's claim that he was not represented by counsel or advised of his right to representation by counsel on either the plea or the sentence. The back of the indictment shows that he was represented by the Legal Aid Society at a time prior to the plea of guilty and sentence and that a lawyer named Frank Delli Paoli was substituted. The Law Journal carried the name of Mr. Delli Paoli as counsel for defendant while the case was on the calendar and on the sentence. There is no other record, however, showing such representation and Mr. Delli Paoli had no recollection of the defendant or the case. Unfortunately the minutes of the court proceedings in which the plea was taken and the sentence was imposed were not available. It does not appear from the record whether they were mislaid or destroyed.

Records of the Legal Aid Society were received to show that the society had been assigned to represent the defendant and had represented him until the substitution of Mr. Delli Paoli on June 15, 1931. Certain other records of the society detailing conferences had with the defendant were excluded from evidence upon objection of the defendant. A witness who was the office

manager of the society in 1931 testified that she remembered Mr. Delli Paoli coming to the society's office in 1931 and effecting his substitution as attorney for the defendant. The chief clerk of the New York State Division of Parole identified a transcript of a hearing which he held at Auburn Prison in March, 1934, when the defendant appeared before the board of parole as a candidate for parole, and read from the transcript the following question and answer relating to defendant's representation at the time of the sentence:

" Q. Who was your lawyer?   A. DePaulo.",

The court found that Mr. Delli Paoli did as a matter of fact file the notice of substitution attributed to him. The court stated, however, " Even though I do so find, there has been no affirmative proof produced to show that Mr. Delli Paoli or any other attorney was with the defendant-petitioner on either July 6, 1931 [date of plea], or on July 13, 1931 [date of sentence]." In the absence of such affirmative proof, the court granted the motion pursuant to his indicated understanding of the law that the burden was upon the People " to furnish unquestionable documentary proof which could serve conclusively to refute the factual statements contained in the papers submitted by the petitioner or as made by him under oath on the witness stand."

There is no such burden upon the People on a hearing for a writ of error *coram nobis*. The burden is upon the defendant to show that he was not represented or advised of his right to representation by counsel and is not upon the People to show that he was so represented or advised. The rule which the court apparently had in mind is that a defendant is entitled to a hearing unless the District Attorney comes forward with a documentary record which refutes the contention of the defendant (*People* v. *Richetti,* 302 N. Y. 290). But when the hearing is held the burden of proof is upon the defendant.

Defendant here made no convincing showing that he was not represented by counsel. The indications are that he was represented. Still we think that defendant is entitled to a determination of the issue by the court of first instance which hears the testimony and sees the witnesses. No such determination has been made but instead we have had only a ruling reflecting an erroneous conception of the law relating to the burden of proof.

We therefore remand the matter for a further hearing, at which time the excluded record of the Legal Aid Society should be received in evidence and some further inquiry made about the court minutes at the time of plea and sentence. The court should be advised as to whether such minutes have been

destroyed as a matter of course together with other minutes of this time or whether there is anything special or significant about these particular minutes being missing and of how their absence may be accounted for.

The order appealed from is reversed and the matter remanded to the Court of General Sessions for further proceedings in accordance with this opinion.

PECK, P. J., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously reversed and the matter remanded to the Court of General Sessions for further proceedings in accordance with the opinion herein. Settle order on notice.