THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM CONROY, Appellant.

Third Department, May 10, 1956.

*M. Andrew Dwyer* for appellant.

*Timothy F. O'Brien, District Attorney,* for respondent.

ZELLER, J. Defendant-appellant is presently incarcerated in Attica Prison under a sentence of 15 years to life imposed following his conviction for forgery, second degree as a fourth felony offender. He seeks to set aside his first felony conviction (for grand larceny in the second degree rendered on June 12, 1919, in the Rensselaer County Court) upon the ground that he was not informed of his right to counsel or represented by counsel at any stage of that proceeding. The court below, after a trial, denied the relief requested upon the grounds that the defendant's proof was insufficient to overcome the presumption of regularity attending judgments of conviction and that the defendant did not sustain his contentions by a fair preponderance of the evidence. Upon a trial of this nature the burden of proof is upon the defendant to show that he was not represented or advised of his right to representation by counsel. (*People* v. *Oddo,* 283 App. Div. 497.)

The defendant's testimony, insofar as here pertinent, may be summarized as follows: When 19 years of age, I was arrested in April or May, 1919, in Rensselaer County charged with grand larceny, second degree. I was taken from Police Court to the Rensselaer County Jail and after I was indicted I was brought to the Court House and arraigned in the Supreme Court at which time all indictments were transferred to the jurisdiction of County Court. A few days later I was taken from the jail to the side entrance of the Court House and brought to the office of Judge RUSSELL, the then County Judge. Others present were Mrs. William H. MacLaughlin, an assistant district attorney, and a secretary. I was asked how far I had progressed in school, who the members of my family were and what my previous record was. Mrs. MacLaughlin interceded in my behalf and discussed a detainer which had been filed against me by Elmira Reformatory for violation of parole. It was determined that I would be given a term in prison which would invalidate the detainer. I was at no time advised of right to counsel, nor did I have the advice of counsel from the time of

my arrest until my transportation to prison to serve a term of one year and two months.

To aid in ascertaining the truth of defendant's testimony, the records of the Rensselaer County Clerk's Office were thoroughly searched for memoranda pertaining to the case. The search revealed that no indictment against the defendant was on file and that the clerk's minutes and certificate of conviction were missing. There was no proof that these items had been destroyed as a matter of course but testimony that they simply could not be located. Found and produced, however, was a form entitled '' Questions Before Sentence '' which is partly printed and partly filled out with penciled writings. It contains a notation that the defendant pleaded guilty, information concerning previous convictions and matters pertaining to pedigree. Then in the margin at the bottom of the form opposite no printed words is written the name '' Jos. Mesnig ''.

Joseph Mesnig is an attorney residing at Troy who was admitted to practice on March 19, 1919. It is the contention of the respondent that his name on the document indicates that he was assigned as counsel for the defendant and represented him during the proceedings in June, 1919. Mr. Mesnig testified that he did not recognize the defendant and that he had no recollection of ever having been assigned to represent any defendant in a criminal case. He further testified that he had no recollection of having been assigned to represent this defendant although on cross-examination he stated he did not think he could positively swear that he did not represent him. The time which elapsed between the 1919 proceedings and the trial could well have dimmed the memory of the witness. Yet it is reasonable to expect that this attorney, who has had little or no criminal practice during his entire legal career, would have some recollection of the matter had he represented this defendant by assignment within three months of his admission to the bar.

The name '' Jos. Mesnig '' written on the form is of doubtful significance. A few spaces to the left of the name is a writing which a witness familiar with the handwriting of the scrivener testified reads '' No T '', '' Mr. T '' or '' Not ''. There are no words which indicate the reason for the name appearing; it is not stated that he appears as '' attorney '' or as counsel assigned. There is no proof in the nature of testimony or the introduction of other '' Questions Before Sentence '' of the period that it was customary to write the name of an attorney appearing for a defendant in the margin at the bottom of the form. The best recollection of the attorney whose name does

appear is that he did not represent the defendant. Thus, we may only speculate why the name was written on the form.

In this case the only official form available bears no particular significance to the issue, important court documents pertaining to the case are inexplicably missing, and no evidence is contained in the record to refute the clear and positive testimony of the defendant that he was not accorded the constitutional and statutory rights due him. We recognize the defendant as a witness greatly interested in the result of the trial and that his interest could affect his credibility. But the County Judge in his memorandum does not indicate a lack of belief in the defendant's testimony but states rather that '' the testimony of the defendant does not go beyond his affirmative statement that he was not informed of his right to counsel ''. But the defendant consistently and repeatedly testified both on direct and cross-examination that he was neither advised of his right to counsel or represented by counsel and he gave a detailed factual account of the 1919 proceedings. We fail to understand what further statements the defendant could be expected to make. His recollection appears clear and his version does not impress us as improbable. Under the unusual circumstances disclosed by this record, it is our opinion that the defendant has met the burden of showing that he was not represented or advised of his right to representation by counsel. (Cf. *Matter of Bojinoff* v. *People,* 299 N. Y. 145.)

Respondent does not claim that the defendant's failure to raise the alleged invalidity of his 1919 conviction at the time of his other convictions and sentences constitutes a waiver of any constitutional right. Waiver of such rights may only be effected when done with understanding and comprehension. (*Rice* v. *Olson,* 324 U. S. 786.)

When this appeal was first argued the respondent offered in support of the order appealed from an alleged copy of the indictment taken from the records of the office of the District Attorney. Respondent claimed that the document bore a notation which was material to its defense. As it had not been offered as an exhibit during the trial and because appellant questioned its authenticity, we remitted the matter to County Court to pass upon the admissibility of the exhibit. (*People* v. *Conroy,* 284 App. Div. 1012.) At a subsequent hearing, questions concerning the document's authenticity were litigated and the County Judge received it as an exhibit. However, by the time this appeal reached us for further argument, respondent conceded that the exhibit was unavailable, having been lost or misplaced. Our determination is necessarily based on the record before us and

therefore no consideration may be given to the missing exhibit.

The order should be reversed, the motion granted and the judgment of conviction rendered on June 12, 1919, vacated and set aside.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Order reversed, on the law and facts, the motion granted and the judgment of conviction rendered on June 12, 1919, vacated and set aside.