Mitchell D. Schweitzer, J.
Writ of error coram nobis to vacate a judgment of conviction on the grounds that: 1. The defendant was not advised of his right to counsel nor was he actually represented by counsel. 2. His plea of guilty was induced through fraud and trickery on the part of the assistant district attorney who allegedly promised the defendant that if he were to plead guilty to attempted robbery in the third degree, the court would not impose the additional punishment for being armed as provided by section 1944 of the Penal Law.
The defendant was indicted for the crime of an attempt to commit the crime of robbery in the first degree and was per *798 mitted to plead guilty to the crime of an attempt to commit the crime of robbery in the third degree. Sentence was originally set for December 5, 1935. On that day, neither the complainant nor the arresting officer appeared. The court, on being informed that the defendant denied that he was armed at the time of the robbery, adjourned sentence for the purpose of taking proof as to whether the defendant was so armed.
On December 9, the adjourned date, the complainant testified that the defendant was armed at the time of the attempted robbery but the officer who apprehended the defendant shortly after the crime testified that he found no gun and that the defendant immediately denied that he was armed. There was no cross-examination of either witness. The court then sentenced the defendant to State Prison for a "term of 7% to 15 years, of which not less than 5 and not more than 10 years were imposed as additional punishment for being armed.
On September 28, 1956, a hearing was held by this court to determine the truth of the defendant’s contentions. The defendant testified that when he was first arraigned on the indictment on November 25, 1935, he entered a plea of not guilty. He was not then represented by counsel nor advised of his right to counsel. About 20 minutes thereafter, he was visited in the detention pen by an assistant district attorney, whom he was unable to identify by name, who offered to permit the defendant to plead to the crime of attempted robbery in the second degree while armed. The defendant refused this plea. He testified that thereafter, he was brought back into the courtroom, where the court asked him, at the bench, why he was acting so stubbornly. To this inquiry, the defendant stated that he informed the court that he was not armed. Shortly thereafter, the defendant was again visited by the assistant district attorney who allegedly indicated to the defendant that he would be permitted to plead to attempted robbery in the third degree, the assistant further stating that if he entered such plea no additional punishment would be imposed for being armed.
The defendant further testified that on the day of sentence he was visited for the first time by one Samuel Feldman, an attorney, who advised the defendant that the court had assigned him to the case. A brief colloquy ensued, wherein the defendant related to Mr. Feldman the circumstances of his plea. Thereafter, the complaining witness and arresting officer testified and sentence was imposed as previously related.
The People’s evidence consisted of testimony by a clerk of the Court of General Sessions that it was the invariable prac *799 tice of Mr. Cowing, the clerk of Part I of the court in 1935, to inform each defendant on arraignment of his right to a lawyer as prescribed by section 308 of the Code of Criminal Procedure. The People also introduced in evidence a notice of appearance book which showed that Samuel Feldman filed an appearance for this defendant on November 22, 1935, three days before the defendant pleaded guilty.
An examination of the documentary evidence discloses that no attorney’s name was noted on the original Magistrate’s Court complaint in the space provided for the name of counsel; also, the space provided on the indictment for insertion of counsel’s name is similarly blank. In this connection, it is noteworthy to observe that the clerk testified that it was Mr. Cowing’s practice to insert such name in this blank when an attorney appeared for a defendant. Furthermore, although there are no stenographic minutes of the pleading available, there are minutes of December 5, 1935, the day on which the defendant’s sentence was set. There is no appearance noted therein for the defendant, which supports his testimony that no attorney did appear for him up until that time.
The minutes of the sentence of December 9, 1935, reveal, for the first time, the name of Samuel Feldman as attorney for this defendant. Following his name, however, is the further name of Dominick Della Volpe, of counsel, “ (Assigned).” The inference that I draw from this is that although the defendant may have spoken to Samuel Feldman on the morning of December 9, yet Mr. Feldman did not appear on the actual sentencing and the court assigned Mr. Dominick Delle Volpe to “ stand up ” for this defendant on sentence. The defendant testified that at no time did Mr. Della Volpe speak to him and in fact he had absolutely no recollection of him whatsoever. As heretofore stated, the minutes are silent as to any participation by Mr. Della Volpe on behalf of this defendant at this most crucial time when testimony was being taken of the defendant’s having been armed so as to determine the propriety of imposing additional punishment as authorized by section 1944 of the Penal Law.
The People concede that Mr. Della Volpe was a representative of the Voluntary Defenders Committee, the predecessor organization of the Legal Aid Society, and a further concession is made that the files of the Legal Aid Society contain no record of this defendant.
The assistant district attorney at this hearing indicates with commendable candor that the defendant’s representation by counsel was at best “ illusory ” at the time when evidence *800 relating to Ms possession of the gun was being taken. He suggests that tMs justifies the elimination from his sentence of the increased punishment imposed under section 1944 of the Penal Law.
The judgment of conviction carries with it a presumption of regularity. The burden of proof is then east upon the petitioner to overcome this presumption by a fair preponderance of the evidence (People v. Oddo, 283 App. Div. 497). I am satisfied that this burden has been met and that the defendant was not advised of his right to counsel as mandated by section 308 of the Code of Criminal Procedure, nor was he actually represented by counsel throughout the course of the proceedings. The conviction must be vacated and the sentence in its entirety is voided.
The District Attorney is directed to enter an order in conformance with this decision directing that this petitioner be returned to Part I of this court for arraignment and pleading de novo on the indictment on a date to he set by this court in said order. The District Attorney is further ordered to furmsh a copy of said order to this defendant.