Samuel S. Leibowitz, J.
In 1920 the petitioner was convicted of burglary in the third degree and sentenced by the late Kings County Court Judge Dike to Statu prison for a term of 4 to 5 years. One year prior thereto, the petitioner had been convicted and served a term in the penitentiary. In *252 1924, after serving 32 months on the burglary conviction the petitioner was again convicted and was sentenced to a term of 3 to 5 years in New Jersey. Subsequently, he pleaded guilty of robbery before the late Judge McLaughlin in this court and was sentenced as a fourth felony offender to a term of 50 years to life. In 1946 the petitioner was deported to Italy. In 1947 he illegally re-entered the United States by 1 ‘ jumping ship ”. In 1954, after thus smuggling himself back into this country, he was again convicted in the Queens County Court of grand larceny and is now serving a sentence of 10 to 20 years in State prison, after being resentenced in 1956. This case is now before the appellate court.
In 1955, the petitioner brought a writ of error cor am nobis, and the robbery conviction before the late Judge McLaughlin was vacated. Now, 38 years after the 1920 burglary conviction, he petitions this court to invalidate the said conviction believing that if this conviction were nullified there would have been no valid basis for the original deportation, and also for the one now pending.
On January 8, 1920 the petitioner was indicted and upon the arraignment pleaded not guilty before Judge Dike, as aforesaid. On January 13, 1920 he again appeared in court and attorney Charles Masone was assigned to represent him. The petitioner now claims that he told Judge Dike that his family would hire a lawyer for him, but Judge Dike nevertheless assigned Mr. Masone to act as counsel in his behalf. Upon the hearing before me the defendant testified that Mr. Masone asked him whether he would plead guilty and when the defendant replied in the negative, he was placed on trial and within a few hours was convicted by a jury. He testified further that Mr. Masone offered him no assistance whatever.
The original minutes of the 1920 trial are unavailable. Both Judge Dike, who presided at the trial and the court reporter are deceased. Attorney Masone states that he does not recall the case. The assistant district attorney, who prosecuted, states that he has no recollection of the matter. We are, therefore, confronted with only the petitioner’s uncorroborated testimony concerning the events that allegedly transpired at the time of his trial. ‘1 Petitions challenging the competency of counsel, especially years after the conviction, must clearly allege such a factual situation which if established by competent evidence would show the representation of counsel was such as to reduce the trial to a farce or sham. Otherwise, they should be dismissed.” (United States ex rel. Feeley v. Ragen, 166 F. 2d 976, 981.)
*253 The mere fact that a defendant is placed on trial soon after counsel has been assigned does not necessarily deprive the defendant of his constitutional right of due process. All of the surrounding circumstances must be taken into consideration. It must be borne in mind that Mr. Masone was, even in 1920, a noted specialist in criminal cases. It is inconceivable that Mr. Masone would have proceeded to trial without at least obtaining from the defendant his version of what occurred. A few moments of consultation would have revealed the defense which he now alleges, if he really had one.
Upon the hearing before me the defendant admitted that he had entered the factory building through a scuttle or skylight and that he committed the larceny therein. He now recalls, so he says, that the scuttle or skylight was open; that, therefore, there was no ‘ ‘ breaking ” so as to bring the case within the purview of the statute which defines the crime of burglary. (Penal Law, § 400 et seq.)
The first count of the indictment charged Lo Curto with burglarly in the third degree, as follows: “ The defendant, on December 16, 1919, in the County of Kings, broke and entered the dwelling of Catherine Byrne with intent to commit therein the crime of larceny. ’ ’
On the back of the indictment under ‘ ‘ Witnesses ’ ’ appears Catherine Byrne and officer Hugh Reilly.
In the affidavit of Catherine Byrne, sworn to on December 20, 1919 before City Magistrate Alfred E. Steers, the complainant, in substance, avers that the second floor of premises 377 Lincoln Road was occupied by her as her home and that Lo Curto “ burglariously entered by means of forcibly opening the scuttle on the roof and entering through the same, descending to the hallway where he forced open the door leading into deponents apartment by turning the knob and unlawfully and feloniously entered therein on December 16, 1919 and stole jewelry valued at $60.00.”
The affidavit further alleges that officer Hugh Reilly of the 82d Precinct informed the complainant Byrne that Lo Curto admitted and confessed to him that he entered the premises and took the property.
It is incumbent upon the petitioner to rebut the presumption of regularity attending the judgment of conviction. (People v. Barber, 276 App. Div. 1040 [3d Dept.]; People v. Varelli, 277 App. Div. 887 [2d Dept.], affd. 302 N. Y. 641.) The burden rests upon him to prove by competent credible evidence that he was deprived of his constitutional right to due process. (People v. Oddo, 283 App. Div. 497, 499 [1st Dept.].)
*254 People v. McLaughlin (291 N. Y. 480) is not apposite. There the Court of Appeals reversed the judgment of conviction and ordered a new trial. The defendant had been convicted of robbery and appealed from the judgment of conviction. The defendant contended that he had been deprived of his constitutional right to due process. In that case, the Court of Appeals held that “ The record before us does not show adequate protection of this defendant’s rights, and so his conviction cannot stand.” (p. 483.)
In the instant case the record is not available. What remains, aside from the indictment and the Magistrate’s Court affidavit, is an uncorroborated, self-serving statement made 38 years after the event by a petitioner who may be described as an inveterate, professional criminal who, over many years, has demonstrated utter contempt for law. There was no issue of credibility raised in the McLaughlin case, (supra). In this case the issue of credibility is one of paramount importance. ‘ ‘ Convicts are not subject to the deterrents of prosecution for perjury and contempt of court which affect ordinary litigants. The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript so he has a clear field in the exercise of his imagination ”. (Diggs v. Welch, 148 F 2d 667, 670.)
The clerk’s minute book shows that the petitioner was sentenced about a week after the conviction. Section 480 of the Code of Criminal Procedure was complied with. The petitioner did not appeal, nor did he make complaint or take any affirmative action until 38 years later. All of this seriously impairs his credibility.
The petition must be dismissed. Submit order.