## (January 15, 1959)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SHEEHAN, Respondent, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

MEMORANDUM BY THE COURT. This matter was decided after a hearing at which there was introduced and received documentary evidence presented by each of the parties. The relator's evidence was a transcript of the stenographic minutes of the sentence, and the respondent's evidence consisted of a certified transcript of certain relevant clerk's minutes. The relator chose not to testify, as was his privilege, and the respondent did not call the relator or any other witnesses. Neither party contends that there was no hearing; in fact, the Attorney-General concedes that there was. An examination of the order appealed from discloses that the Special Term Justice considered such evidence and all other papers before him and came to a legal and factual determination sustaining the writ. In affirming this order, we are not holding that there was any burden on the respondent to disprove the claims of error contained in the petition (*People* v. *Oddo*, 283 App. Div. 497; *People* v. *Boehm*, 285 App. Div. 245; *People ex rel. Asaro* v. *Morhous*, 268 App. Div. 1016).

HALPERN, J. (dissenting). The People appeal from an order sustaining a writ of habeas corpus, and directing that the relator be returned to the Court of General Sessions for the vacating of its sentence of October 14, 1930 and for re-arraignment of the relator before that court for sentence.

The relator had pleaded guilty to the charge of robbery in the second degree while armed with a pistol. He had taken no appeal from the judgment of conviction entered on his plea on October 14, 1930. Some years later, the relator procured a copy of the stenographer's transcript of the minutes of a part of the proceedings of October 14, 1930 (erroneously referred to as October 16, 1930, in the transcript), and he attached the transcript to his petition. It is apparent upon the face of the transcript that it is not complete. It notes the appearances for the People and the defendant and then proceeds immediately to a plea for leniency by the defendant's attorney, followed by a colloquy between the attorney and the court, terminating in the imposition of sentence by the court. It is apparent that the defendant must have been arraigned for sentence and that some inquiry must have been made by the court or clerk prior to the defendant's attorney launching upon his plea for leniency. The transcript does not show what took place between the time when the defendant was brought before the court on the day of sentence and the time when his attorney commenced his plea.

It was on this omission in the transcript that the relator principally relied in seeking an adjudication that the sentence was void.

The Warden's return denied "knowledge or information sufficient to form a belief that the relator was not asked the question required by Section 480 of the Code of Criminal Procedure immediately prior to imposition of sentence, and upon information and belief allege[d] that the question was asked".

The Attorney-General submitted to the Special Term, in addition to the return, a copy of page 180 of the clerk's minute book. That page showed that on October 14, 1930 the relator had been arraigned for sentence together with other defendants. The minutes as to the first defendant arraigned read: "The defendant having nothing further to say, etc., Ordered by the Court that" and the sentence then followed. The clerk's minutes show that the relator Sheehan was thereafter arraigned with two defendants jointly indicted with him and the minutes read: "The Like as to each — Judgment as to Sheehan: State Prison at hard labor for the term of not less than Seven Years Six Months nor more than Fifteen Years. The above sentence shall be increased by imprisonment in State Prison for a term of not less than Five Years nor more than Ten years as provided by Section 1944 of the Penal Law." The present clerk of the court explains in a footnote to the certified copy of the minutes that "The word 'LIKE' refers to a previous entry on page 180, to wit: 'The Defendant having nothing further to say etc.'"

The Attorney-General argues that it may reasonably be inferred from the expression used by the clerk in his minutes that the question under section 480 had been asked and that the defendant had had nothing further to say before sentence was imposed upon him. He also directs attention to the fact that the transcript of the stenographer's minutes, referred to above, indicates that the defendant's attorney had said all that he wished to say before the court imposed sentence.

It is noteworthy that the relator had previously moved to vacate the sentence in a proceeding in the nature of a writ of error *coram nobis* in 1956, at a time when *coram nobis* was thought to be the appropriate remedy, prior to the decision of the Court of Appeals in *People* v. *Sullivan* (3 N Y 2d 196).

The General Sessions Judge wrote an exhaustive opinion and came to the conclusion that the defendant had been afforded an opportunity to be heard in substantial compliance with section 480 (*People* v. *Sheehan,* 4 Misc 2d 1049). Upon appeal by the relator to the Appellate Division, First Department, that court dismissed the appeal but went on to hold that the defendant had not "established by clear and convincing proof that the court, at the time of sentence, failed to perform its duty and did not comply with the provisions of section 480 of the Code of Criminal Procedure" (*People* v. *Sheehan,* 4 A D 2d 143, 145).

Upon the return of the writ in the present habeas corpus proceeding, the Special Term took no testimony but proceeded forthwith to grant the relief sought by the relator.

The Special Term wrote no opinion or memorandum and made no oral statement on the record. It is difficult to determine the ground upon which the court based its action.

In his brief in this court, the relator seeks to sustain the decision below, not upon the ground that the evidence before the court demonstrated that section 480 had in fact not been complied with, but rather upon the ground that "The law clearly requires that the record show compliance with Section 480" and that, in the absence of such a record, the sentence is void.

As I understand the majority memorandum, we are all in accord in rejecting the contention of the relator that the mere absence of a record affirmatively showing compliance with section 480 entitles him to have the sentence set aside, upon a collateral attack brought years after the event. The case of *Messner* v. *People* (45 N. Y. 1) relied upon by the relator, was a case of a direct appeal and in referring to the need for a showing of compliance in "the record", the court was merely referring to the normal rule upon direct appeal that the record on appeal, as made up from the stenographer's minutes, must show compliance with all essential steps in the proceeding (cf. Code Crim. Pro., §§ 456, 485; Judiciary Law, §§ 295–297). The court did not lay down any rule of law that, upon a collateral attack upon a sentence, the production of "a record" affirmatively showing compliance with section 480 is essential to the sustaining of the sentence. Upon such an attack, we are all in agreement, the issue to be decided is whether, in fact, section 480 had been complied with and, upon that issue, the burden of proof rests upon the one challenging the sentence.

The habeas corpus proceeding constituted a collateral attack upon the judgment; as against such an attack, the judgment was clothed with a presumption of regularity which the relator had to overcome (*People* v. *Smyth,* 3 N Y 2d 184, 187; *People* v. *Oddo,* 283 App. Div. 497; *People* v. *Sheehan,* 4 A D 2d 143, *supra*).

The majority memorandum upholds the decision at Special Term upon the ground (1) that it rested upon a factual determination that the question had not been asked and (2) that the evidence introduced upon the hearing supported that determination.

I respectfully dissent from both parts of this holding. (1) The Special Term did not purport to decide any question of fact. It made no findings of fact and it made no statement of the facts which it deemed essential to its decision, as it would have been required to do by section 440 of the Civil Practice Act, if it had based its decision on a resolution of an issue of fact. (2) The only evidence submitted to the court by the relator upon the hearing was the fragmentary stenographic transcript which, on its face, showed that it was not a complete account of all that had taken place on the day of

sentence. The relator did not take the stand; he did not offer the testimony of anyone that the question under section 480 had not been asked. It is impossible to determine from the stenographic transcript which the relator offered whether the question had been asked or not; to draw an inference either way on the basis of the transcript is to indulge in sheer speculation.

The excerpt from the clerk's minutes submitted by the Attorney-General supports the inference that the question had been asked. In any event, it seems clear to me that the relator had failed to sustain the burden of proof resting upon him.

In this situation, the Special Term should have dismissed the proceeding for failure of proof, without prejudice to its renewal. However, in order to avoid putting the relator to the necessity of commencing a new proceeding, the proceeding may be remitted to Special Term for the holding of a further hearing, at which both the relator and the State will have an opportunity to offer oral proof as to what occurred on the day of sentence. Of course, even if the relator testifies that the question under section 480 had not been asked, he may be subjected to cross-examination and it will still be for the court to pass upon his credibility (*People* v. *Richetti*, 302 N. Y. 290).

The only theory upon which the order appealed from can be sustained as a factual determination is that the burden rested upon the State to disprove the allegations of the petition, rather than upon the relator to prove them. Since this theory is expressly repudiated in the majority memorandum, it necessarily follows that the order should be reversed and the matter remitted for further hearing.

The Attorney-General asks us to go further and to dismiss the proceeding upon the ground that habeas corpus does not lie under the circumstances of this case. He seeks to distinguish *People ex rel. Miller* v. *Martin* (1 N Y 2d 406) upon the ground that noncompliance with section 480 appeared affirmatively from the stenographer's minutes in that case and he seeks to evolve the principle that habeas corpus will lie for noncompliance with section 480 only in such a case.

The argument might be carried even further and it might be argued that a direct appeal should be held to be the only post-sentence remedy in all cases, for failure to comply with section 480, on the ground that such failure, while a fundamental and serious error redressable upon appeal, does not deprive the court of jurisdiction of the subject matter or of the defendant (cf. *People ex rel. Meers* v. *Martin*, 4 A D 2d 659, affd. 4 N Y 2d 898). It may be noted in this connection that in his brief in the *Meers* case in the Court of Appeals, the Attorney-General called attention to the fact that the question of the availability of habeas corpus as a remedy had not been raised or discussed in the *Miller* case and he argued that that case should therefore not be regarded as a precedent for holding habeas corpus to be an available remedy. But the fact remains that the Court of Appeals entertained a habeas corpus proceeding in the *Miller* case without any discussion or limitation of its availability. In view of this fact, it seems to me that all of these arguments must be addressed to the Court of Appeals.

However, for the reasons given earlier, the order appealed from should be reversed and the matter remitted to Special Term for the taking of testimony and for the making of findings.

All concur, except Kimball, J., not participating, and Halpern, J., who dissents and votes for reversal and remission for further hearing in an opinion. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Order affirmed, without costs of this appeal to any party.