Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment, dated December 11, 1947, convicting the defendant, on his own plea of guilty, of the crime of grand larceny in the second degree and suspending sentence. The defendant contends that he entered his plea of guilty in reliance upon a promise made to him by the court that he would be accorded youthful offender treatment, and that neither the court nor his own counsel advised him that he was pleading guilty to a felony. He further contends that coercion was exercised upon him both by the court and his father in inducing him to plead guilty.
At a hearing granted on consent of the District Attorney, the defendant testified, that on September 2, 1947, he appeared before Judge Marasco and that on that day, he told his lawyer, Joseph Marchetti, that he was innocent and did not want to plead guilty but the lawyer told him that if he did plead guilty, he would get a break; that thereafter there was a discussion in Judge Marasco’s chambers and he told the Judge that he did not commit the crime; that his father then came into the chambers and after his lawyer spoke to his father, his father said to him, ‘ ‘ do what they say ’ ’; that he was frightened, but decided to plead guilty thinking he was pleading to two misdemeanors as a youthful offender. On cross-examination, he testified to his prior criminal record which included a conviction for robbery in the second degree upon which he was sentenced to State prison for a term of 15 and not more than 30 years which he is presently serving; that during the discussion with Judge Marasco he at first said he was not guilty but changed his story and admitted his guilt on the advice of his lawyer.
*517 Patrick Joseph Thornton testified he is the defendant’s father; that he was present in court on September 2, 1947, when his son and his lawyer went into the chambers of Judge Mabasco ; that after about 15 minutes, the lawyer came out and asked him to persuade the defendant to plead guilty because otherwise, he faced a sentence of up to 20 years; that he then told the defendant to do as his lawyer advised.
Joseph Marchetti testified that he represented the defendant at the time of the entry of the plea of guilty to conspiracy to commit the crime of arson as a misdemeanor, under one indictment, and to grand larceny in the second degree — under another indictment; that prior to the entry of the aforesaid pleas, a discussion was had in the chambers of the Hon. Carmine J. Marasco, County Judge of Kings County, in which the defendant, his father, the Judge and he took part; that Judge Marasco made no promise of any kind to the defendant conditioned upon his pleading guilty nor could any inference be fairly drawn from the discussion that such a promise had been made. He denied that his advice to his client to plead guilty was due to any promise made by the Judge. Before the plea, he discussed the charges with the defendant and his father and based upon his own investigation of the facts, he advised his client to plead guilty as above set forth.
Judge Marasco testified that he has no personal recollection of the defendant; that his memory is not refreshed by seeing him; that the records show that the defendant appeared before him in 1947 and pleaded guilty to grand larceny in the second degree; that he did not promise him youthful offender treatment ; that if he made such a promise to the defendant, he would have kept it; that he gave him a suspended sentence.
Defendant’s present counsel argues that there was an element of coercion involved in the taking of the plea of guilty in view of the fact that at the time he pleaded guilty, the defendant was 16 years of age and that when he was brought into the Judge’s chambers, he was frightened but refused to plead guilty; that when his father urged him to do as he was told by his lawyer, he decided to act on their advice and pleaded guilty.
Based upon the evidence adduced at the hearing the court is constrained to find that the defendant has failed to sustain the burden of proof which the law imposes on him in this matter, and has not proved his contentions by a fair preponderence of the credible evidence (People v. Barber, 276 App. Div. 1040; People v. Oddo, 283 App. Div. 497).
*518 The application for a writ of error coram nobis is, therefore, denied. Let the District Attorney submit an order to that effect and serve a copy of it on the defendant, when signed, together with notice of entry thereof, by mail, at the institution where he is presently confined.