Hyman Barshay, J.
The defendant applies by way of a writ of error coram nobis to vacate and set aside a judgment dated September 19, 1932, convicting him, on his own plea of guilty, of the crime of robbery in the third degree, unarmed, and sentencing him to a term of not less than 3 and not more than 10 years in State prison. The grounds for the relief sought are that throughout all of the proceedings had against him, he was without retained or assigned counsel and was not informed of his right to counsel; that he did not competently and intelligently waive his right to counsel; that therefore, his plea of guilty was contrary to law and violated the Constitutions of the United States and of the State of New York, and section 308 of the Code of Criminal Procedure.
At a hearing granted on consent of the District Attorney, the defendant testified that on August 29,1932, he was arraigned *666 and pleaded guilty to robbery in the third degree, unarmed; that on September 19, 1932, he was sentenced as aforesaid; that on none of those occasions was he represented by counsel nor informed of his right to counsel; and that neither he nor any member of his family on his behalf, had retained counsel; that at the time of sentence, an attorney by the name of Abraham Kesselman, appeared for him; that neither he nor his family had retained him and that he never spoke to the attorney before. On cross-examination, he testified that prior and subsequent to this conviction, he had been convicted of other crimes and on each of those occasions, he was represented by counsel but not in this case; that at the time he pleaded guilty, there was another indictment for robbery pending against him; that it was subsequently dismissed; that he was not guilty of the crime charged in this indictment but pleaded guilty because he was told by other inmates in the Raymond Street jail that he would probably get a suspended sentence because it was his first felony conviction; that although he was disappointed in the sentence he received, he made no complaint and commenced no proceedings until the present application.
The District Attorney read into the record the minutes of the proceedings of the pleading contained in the probation report which notes that the defendant was represented by counsel, unnamed, and contains the following colloquy between the court and defendant’s counsel concerning the plea taken by the defendant:
‘ ‘ The Court: This is indictment number 5118, which charges the defendant with robbery in the second degree, petit larceny, and assault in the second degree, in that he held up and robbed one Frank Mahew of $39.00. The defendant proposes through his lawyer a plea of robbery in the third degree, unarmed. That is one point lower than the indictment charges. It is also good business to take a point lower to save the expense of the trial, and that is what I will do. The second condition of the acceptance of the plea here is that after the defendant shall have been sentenced by me, the motion of the district attorney now made, but not to take effect now, is that on the day of sentence indictment number 511AB shall be dismissed, and that the plea to the one indictment covers the two.
“ The Defendant’s Counsel: Just one more point, if I may be permitted. There are some charges pending against him in the Q-ates Avenue Court. Whether they arise out of these indictments, I don’t know, but they are set for September 20th.
“ The Court: I have no control over them.
*667 “ The Defendant’s Counsel: At the time of the sentence, I guess all of them should be taken into consideration.
“Mr. Becker (Assistant District Attorney): I think one of them has something to do with one of these indictments. I am not sure.
“ The Court: You ought to clean the whole list for any plea to one indictment. In my opinion, it should be considered a plea to all of the charges now pending. No good comes out of a multiplicity of pleas or a multiplicity of charges. One indictment is as good as a hundred if it is a good one. What I have said for the record, is that agreeable to you, Mr. Becker.
“ Mr. Becker: Sure.
“ The Court: Take the plea to robbery in the third degree on the indictment. Let there be no doubt that the plea is taken. ’ ’
The prosecutor offered in evidence the probation report, which contains the name, ‘ ‘ H. Elegent ’ ’ in the box entitled ‘ defendant’s counsel.” The defendant testified that he has no recollection of Mr. Elegant and that he heard his name for the first time at this hearing'.
The District Attorney offered in evidence the recorded proceedings on the day of sentence, which is contained in the probation report and notes the appearance of “A. F. Kesselman, Esquire, for the defendant,” and which contains a statement made by Mr. Kesselman in behalf of the defendant as follows: ‘ ‘ Mr. Kesselman: Your Honor is familiar with all the facts in the case, and I ask your Honor to be as lenient as you possibly can. I know that you are humane. He has got a wife and baby, but of course he should have thought of those things before. Unfortunately, however, if this boy is punished, his people will suffer quite a little because he has a young baby three months old.”
The District Attorney conceded that the clerk’s minute book, under date of August 29, 1932, contains no entry with respect to counsel. It was also conceded that the indictment did not contain the name of any counsel, retained or assigned, but alongside of the words ‘ ‘ Counsel Assigned, ’ ’ the printed word ‘ ‘ yes ’ ’ is stricken out; and that no notice of appearance was on file by any attorney for the defendant.
Harry Elegant testified that in August of 1932, he was managing attorney in the office of Abraham Kesselman; that on occasions, he would appear for Mr. Kesselman at the probation department; that to his knowledge, he had never seen the defendant until a month prior to the hearing, when he saw him with his present counsel at the city prison; that a reading of the indictment and the minutes of the proceedings of the plea failed *668 to refresh his recollection with respect to the defendant or this case; that there is nothing in his records concerning this defendant; that whenever he appeared on Mr. Kesselman’s behalf in any case, he filed a notice of appearance in Mr. Kesselman’s name; that to the best of his knowledge, he did not represent the defendant when he pleaded guilty herein.
On cross-examination, he testified that when employed by Mr. Kesselman, he attended to criminal matters entrusted to him.
The defendant was recalled and testified that he had never seen Mr. Elegant until a month prior to this hearing, when he came to the Raymond Street jail with his present attorney; that he had never retained Mr. Kesselman nor asked any one to retain him; that as far as he knew, a friend of the family had spoken to Mr. Kesselman and that he saw him for the first time on the day of sentence.
On a hearing for a writ of error coram nobis, the defendant must prove his contentions by a fair preponderance of the credible evidence. The burden is upon the defendant to show that he was not represented or advised of his right to representation by counsel. Based upon the testimony and the documentary evidence adduced at this hearing, the court is constrained to find that the defendant has failed to sustain the burden of proof which the law imposes upon him in this matter (People v. Oddo, 283 App. Div. 497).
The application for a writ of error coram nobis is, therefore, denied. Let the District Attorney submit an order to that effect and serve a copy of it, when signed, on the defendant, together with notice of entry thereof, by mail, at the institution where he is presently confined.