FREDERICK MICCIO, an Infant, by JEAN MICCIO, His Guardian ad Litem, et al., Respondents, v. ELDABA REALTY CORP., Appellant.— In an action by an infant to recover damages for personal injuries, and by his mother for medical expenses and loss of services, the appeal is from a judgment entered on a jury's verdict in favor of the infant and his mother. The infant testified that while walking downstairs at a moderate rate of speed he grasped a knob on the top of a post supporting the bannister, that the knob became loose, and that he fell down the stairs. He sustained head injuries which, it is claimed, have resulted in traumatic epilepsy with constantly recurring convulsive seizures, which condition will be permanent. Judgment reversed and a new trial granted, with costs to abide the event. In our opinion, there was no proof that the loose knob was the proximate cause of the fall. We may also note that, even assuming that appellant's negligence was the cause of the fall, the verdict is grossly excessive unless predicated on a finding that the infant sustained an injury to his head resulting in traumatic epilepsy. Any such finding is against the weight of the credible evidence. His mother's denials that she had ever told any doctor that the infant had had a seizure prior to this accident are unworthy of belief, in the light of repeated entries in the records of three hospitals that she had. It is established by the testimony of respondents' doctor, who examined the infant a few hours after the accident, that he had suffered no fracture, laceration or bleeding, that he seemed to be all right, and that nothing was prescribed for him. There is no testimony by any qualified expert that a fall such as that described by the infant would result in injuries of the gravity claimed. (See Della Croce v. City of New York, 3 A D 2d 920.) Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARNEY WOLFSON, Appellant.— Appeal from an order of the County Court, Kings County, denying, after a hearing, appellant's application in the nature of a writ of error coram nobis to vacate a judgment of said court sentencing appellant, after he had pleaded guilty to murder in the second degree, to serve from 25 years to life. Appellant contended that his plea of guilty was made under circumstances amounting to coercion and that he was deprived of due process because his counsel failed to advise the trial court, prior to the plea of guilty, of appellant's prior history of mental illness, thereby precluding the possibility of the defense of insanity. Order unanimously affirmed. In our opinion, the proof furnished by appellant failed to sustain his contentions and was not in any way established by respondent's evidence. It was appellant's obligation, upon the hearing, to prove his allegations by a preponderance of the evidence; the respondent had no burden to establish the contrary (People v. Oddo, 283 App. Div. 497, 499; People v. Milo, 4 A D 2d 679, 680). Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.