# Third Department, May, 1961.

## (May 9, 1961)

■ The People of the State of New York, v. Thomas Corcoran, Appellant.— Appeal from an order dismissing a writ of *coram nobis* following a hearing at which the petitioner was present and represented by counsel. When the matter was first before us (see 5 A D 2d 1030) we reversed and remitted for a hearing. The only issue raised on this appeal is directed to the alleged

failure of the County Court to have an "open hearing" as directed in our previous decision. It appears that the hearing was held in the Judge's Chambers and not in the courtroom. Before directing our attention to this claim, in view of our former decision, we consider the merits. In accordance with our directive, a hearing was held at the Albany County Courthouse on May 6, 1958 where the appellant, represented by counsel, testified and produced two other witnesses, including Scott Gray, Jr. The People produced several documentary exhibits and the District Attorney who was in office in 1936. The appellant testified he was not represented by counsel at the time of his first ·sentence to Elmira Reformatory on June 5, 1936. It should be noted that between that date and his application for a writ of *coram nobis* in 1955 he had been in court and pleaded guilty on at least three other occasions, when represented by counsel, to criminal charges other than the 1936 offense. His stepbrother testified that it was his recollection that he never retained a lawyer to represent the petitioner in 1936 although he did have lawyer Gray represent him in 1938. Mr. Gray stated that although he had written a letter in which he had suggested he represented the petitioner in 1936, after talking with the stepbrother he would neither affirm nor deny such representation. The work sheets of the District Attorney's office referred to in our prior memorandum were identified by Mr. Delaney, the District Attorney at that time. He testified as to the purpose of these exhibits, the procedure and methods applicable thereto and identified the handwriting as being made by persons associated with his office. The burden of proving he was not represented by·counsel was upon the petitioner. (*People* v. *Oddo*, 283 App. Div. 497.) It must be established clearly and convincingly by a fair preponderance of the evidence. (*People* v. *Chait*, 7 A D 2d 399.) The credibility of the witnesses was for the determination of County Court. The fact that the court elected to hold the hearing in his Chambers does not violate our directive to have an "open hearing". An open hearing is not directed necessarily to the place where it is to be held but that the parties have the opportunity to examine and cross-examine witnesses. (*People* v. *Richetti*, 302 N. Y. 290, 297.) Furthermore, no objection to this procedure was made at the time of the hearing by either the petitioner or his attorney. There is no showing of prejudice, lack of jurisdiction or constitutional deprivation. The petitioner was allowed to and did produce his witnesses. The opportunity for cross-examining the People's witnesses was afforded and a transcript of the testimony before us on this appeal convinces us that the petitioner had an "open hearing". If the petitioner or his attorney had a preference for holding the hearing in the courtroom, they should have made it known to the court at that time. In our opinion, the petitioner had a fair and open hearing to which he was entitled. He had his day in court. Order unanimously affirmed. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.