Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment dated January 22,1959, convicting the defendant, on his plea of guilty, of the crime of manslaughter in the first degree, unarmed, and sentencing him to a term of not less than 10 and not more than 20 years in State prison. The defendant and two others, *525 John Williams and Willie 0. Williams, under indictment No. 2111/1958, were charged with murder in the first degree, attempted robbery in the first degree, attempted grand larceny in the first degree and assault in the second degree. He was also indicted for robbery in the first degree, grand larceny in the first degree and assault in the second degree, under indictment No. 2214/1958. On October 28, 1958 he pleaded guilty to manslaughter in the first degree, unarmed, in satisfaction of indictment No. 2111/1958. He also pleaded guilty to robbery in the third degree, unarmed, in satisfaction of indictment No. 2214/ 1958 and on January 22,1958 he was sentenced to a term of not less than 10 and not more than 20 years in Sing Sing Prison under indictment No. 2111/1958 and to a term of not less than 5 and not more than 10 years in Sing Sing Prison for the crime of robbery under indictment No. 2214/1958, this term to run concurrently with the former sentence.
He now alleges that he was intimidated by the court and the District Attorney into pleading guilty with the threat of maximum punishment if convicted after trial.
At a hearing held on consent of the District Attorney he testified that he pleaded not guilty on arraignment; that two of his court-assigned counsel advised him to plead guilty, a suggestion he rejected; that when the court was advised of his refusal, the court stated, “ What do you mean you didn’t want to plead? Well, there are witnesses and the codefendants will testify against you ”; that he was then called to the Bench where the court said to him, “ Off the record, didn’t you know that you could get convicted and found guilty of these charges if you were tried? If I were sick, I would go to my doctor for advice. You take the advice of your counsel ’ ’; that he said he did not want to plead guilty; that he was removed to the detention pen where someone who said he was an Assistant District Attorney told him that if he did not plead guilty, he would be convicted of all the counts contained in the indictment; that thereafter he pleaded guilty because he was afraid to do otherwise; that he did not think he had proper representation.
willie williams — testified that he was a codefendant named in the indictment for murder. He substantiates the testimony of the defendant; that though he, Williams, was innocent, nevertheless, he pleaded guilty to manslaughter in the first degree, unarmed, under this indictment and he pleaded guilty to robbery in the third degree under indictment No. 2214/1958 because he was guilty of that crime.
john williams — testified that he pleaded guilty to manslaughter in the first degree, unarmed, at the same time that his *526 codefendants did. He substantiates the testimony of the petitioner.
thomas n. selzer — testified that he was the Assistant District Attorney in charge of the prosecution of the defendants, John Williams, Jr., Willie 0. Williams and Marshall James who were charged with the crimes of murder in the first degree, attempted robbery in the first degree, attempted grand larceny in the first degree and assault in the second degree, under indictment No. 2111/1958; that he never spoke to the defendant, Marshall James; that he was present at the time of the entry of the pleas of guilty of each defendant; that the defendants did not deny their guilt or protest their innocence; that he did not hear the Judge say to Marshall James in words or substance that he would compel the other defendants to testify against him; that he had no communication whatever with defendants in the absence of their counsel.
Each of his four court-assigned counsel testified that they consulted with the defendant, prepared his defense, advised him to dispose of his matters by the pleas of guilty; that at first he protested but ultimately of his own free will accepted the pleas as offered by the District Attorney; that they were present when the court addressed the defendant at the time of the discussion and the taking of the pleas and that neither the court nor the Assistant District Attorney in charge of the prosecution made any threats of any kind to the defendant in their presence; that in their respective opinions the disposition was fair and warranted by the facts and the applicable law and so advised the defendant.
The minutes of plea, dated October 28, 1958, reveal the following:
the court: Marshall James, listen to me very carefully. You are represented by lawyers. The two Williams men want to plead guilty. You have a perfect right to do what your lawyers say you want to do — refuse to plead guilty. I was not there. I don’t know if you are guilty. I don’t know what happened. You know, you were there. I was not. The other two men want to plead guilty. They say that if they are allowed to plead guilty, they will testify against you. Do you know what that means?
DEEEiTOAHT JAMES : Yes, sir.
the court: I am not telling you what to do. I am not forcing you to plead guilty. If you are innocent, don’t plead guilty. I would not let you plead guilty if you are innocent; but consider very carefully; you are getting a good break now. The District Attorney is coming down to manslaughter in the first degree. If you go to trial, and if these other two men testify against you, who knows, you may be convicted of murder in the first degree, a capital offense. I am not threatening you. It does not make any difference to me whether you plead guilty; you understand that, but if you are guilty, you better think twice before you say no. Why *527 don’t you listen to your lawyers? You have four good lawyers and the State is footing the bill for them.
defendant james: Can I say something?
the court: Yes.
defendant james : Your Honor, I really don’t believe that I should plead guilty because I don’t think I have done it. I have not committed any kind of murder. That is the reason I say I don’t want to plead guilty to manslaughter, because I don’t believe I hit anybody.
the court: Were you there when it happened? defendant james: I was there. mr. kaflan : Your Honor, he also says he was drunk. the court : If you and I and two other men go to some place and kill somebody, I am there with the intention of doing what they are going to do, even if I don’t lift a finger to kill the man; the law says I am just as guilty as the other man. I am telling you this so that you will understand. defendant james: Your Honor, May I speak to you? the court: You better talk to your lawyers.
(A recess was taken.)
After the recess, the court was advised that all of the defendants were ready to plead guilty. Prior to accepting the plea from James, the court questioned him as follows (minutes of plea, p. 14):
Q. marshal james: Is that your name? A. Yes.
Q. Your lawyers who are present have requested me to permit you to withdraw your former plea of not guilty and that I allow you instead to plead guilty to the crime of manslaughter in the first degree, unarmed; that is with respect to indictment “2111 of 1958.” Do you now wish to plead guilty to the crime of manslaughter in the first degree? A. Yes.
Q. You understand if you plead guilty, you are admitting that on July 8th of this year, in this county, you and John Williams and Willie C. Williams caused the death of one Basile Krouglikoff. Are you guilty of that? A. Yes. Q. That is why you wish to plead guilty? A. Yes.
Q. Before you plead guilty, I want you to understand further that I am not making any promise to you about the sentence you will receive in this case. Is that understood? A. Yes.
Q. Have your lawyers or the District Attorney or the detective or anybody else made any promise to you about the sentence in this case if you plead guilty? A. Ño.
Q, Did anybody force you to plead guilty? A. No.
Q, With respect to Indictment #2214, where you are charged with the crime of robbery in the first degree, grand larceny in the first degree and assault in the second degree, do you wish to plead guilty to the crime of robbery in the third degree to cover all the counts in the indictment? A. Yes.
Q. If you plead guilty on that, you are admitting that on July 7th, of this year, in this county, you and the other defendants named in the indictment jointly; you took part in and helped them and they helped you — you committed this act of robbery with respect to one, Antonio De Stef ano. Are you guilty of that? A. Yes.
Q. That is why you want to plead guilty? A. Yes.
Q. Before you plead guilty, I want you to further understand that I am not making any promise to you about the sentence you will receive in this case. Is that understood? A. Yes, Sir.
*528 Q. Has anybody, either your lawyers or the District Attorney or the detectives made any promise to you about the sentence 7 A. No.
Q. Did anybody force you to plead guilty? A. No.
the court: Take the plea.
MR. kaplan: Judge, I notice you did not note on the record that he is
pleading to robbery in the third degree, unarmed.
the court: robbery in the third degree, unarmed, take the plea.
I have read the probation report. It contains no statement from James that he pleaded guilty because of any intimidation or threats on the part of the court or District Attorney.
Under the law, the petitioner has the burden of establishing his allegations, as set forth in his petition, by a fair preponderance of credible evidence (People v. Barber, 276 App. Div. 1040; People v. Oddo, 283 App. Div. 497). His contentions must be established by clear and convincing proof (People v. Milo, 4 A D 2d 679; People v. Adams, 1 A D 2d 783). Upon the record herein, I find that the defendant failed to sustain his burden of proof. The application is denied.