■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE JAMES CONKLIN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Orange County, dated July 7, 1960, which denied, after a hearing, his application to vacate a judgment of said court rendered March 30, 1937, on his plea of guilty, convicting him of grand larceny in the second degree, and imposing sentence. Order reversed on the law and the facts, and matter remitted to the County Court, Orange County, for a further hearing and for further proceedings not inconsistent herewith. By the allegations of the defendant's petition and by his oral proof, the defendant averred that at the time of his conviction he was not advised of his right to counsel and that no attorney represented him when he pleaded guilty to the offense charged. In support of this contention, the defendant offered the available documentary evidence, consisting of the original indictment and an extract from the Clerk's minutes. Neither document bears notation of defendant's representation by counsel at the time he pleaded guilty and at the time he was sentenced. The indictment contains a blank space opposite the word "Counsel", where the name of a defendant's attorney is customarily inserted. The extract of the Clerk's minutes indicates that the words "being represented by counsel" were deleted. On cross-examination, the defendant stated that he was unable to recall everything that happened on the day of his arraignment. The People offered no rebuttal proof. The learned County Judge held that the defendant's failure of memory was consistent with the possibility that in fact defendant had been asked whether he desired the aid of counsel; hence, he had failed to rebut the presumption of regularity. In our opinion, the proof was inconclusive for the determination of the issues raised. It is true that the defendant's failure to recall all the incidents at the critical times involved was not tantamount to a rebuttal of the presumption that he was informed of his right to counsel. On the other hand, the defendant's failure to remember all the incidents is merely negative evidence which does not destroy the prima facie case established by his positive assertion that he was never advised of his right to counsel and never received any representation by counsel. In effect, "we have had only a ruling reflecting an erroneous conception of the law relating to the burden of proof" (*People* v. *Oddo,* 283 App. Div. 497, 499), without any definite ruling by the court on the defendant's contention — a contention which seemingly finds support in the official documents. Hence, the People can no longer rely upon the fact of the conviction itself; it is now incumbent upon the People to come forward with independent evidence to sustain the regularity of the conviction (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 150–151), or, in the alternative, to place on the record the unavailability of such proof. In the latter connection, proof of the court's contemporaneous practice or policy of apprising every defendant of his right to counsel may have some probative weight (*People* v. *Page,* 12 A D 2d 984). Christ, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Ughetta, J., dissent and vote to affirm the order, with the following memorandum: After 23 years the

defendant comes forward, for the first time, with the claim that at the time he pleaded guilty he was not advised of his right to counsel. At a hearing duly accorded to him he displayed a lack of memory as to any of the events and circumstances attending his plea; he even claimed ignorance as to what was said to him by the court. In our opinion, under such circumstances the defendant has not sustained the burden of overcoming the presumption of regularity of the conviction.