■ ANGELO PALADINO, Respondent, v. ANNABELL STAPEN et al., Appellants.— In an action to recover damages for personal injury, defendants appeal from an order of the Supreme Court, Kings County, entered February 1, 1965, which granted plaintiff's motion to vacate a prior order of said court made on November 16, 1960, granting defendants' motion, on plaintiff's default, to dismiss the complaint for lack of prosecution. Order reversed, without costs, and motion denied. (*Greenwald* v. *Zyvith*, 23 A D 2d 201; *Berger* v. *Colrick*, 20 A D 2d 639.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ OLIVE PAUL et al., Respondents, v. GREYHOUND BUS CORP. et al., Appellants.— In a consolidated negligence action to recover damages for personal injury, loss of services, etc., defendants appeal from an order of the Supreme Court, Kings County, entered October 25, 1965, after pretrial conferences, which directed that the action be preferred for trial pursuant to rule 8 of the Kings County Supreme Court Rules. Order reversed, without costs, and preference vacated. In our opinion, the record does not contain sufficient evidence to show that defendants, at the pretrial hearing, acted arbitrarily and not in good faith with respect to settlement of the action (*Wolff* v. *Laverne, Inc.*, 17 A D 2d 213). Motion by appellants for a stay, pending appeal from order, dismissed as academic. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL BARNES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered March 26, 1965, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered December 5, 1952 after a jury trial, convicting him of grand larceny in the first degree and imposing sentence upon him as a fourth felony offender. Order affirmed. Appellant based his application on a claim that he was not represented by counsel at any stage of the proceedings in other States which resulted in his three prior convictions of crimes which would have constituted felonies in the State of New York. He had the burden of proving his contention by a fair preponderance of credible evidence (*People* v. *Wolfson*, 9 A D 2d 940; *People* v. *Milo*, 4 A D 2d 679; *People* v. *Oddo*, 283 App. Div. 497). We agree with the Criminal Term that appellant failed to sustain this burden. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE CHRISTIANSEN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 19, 1964, convicting him of conspiracy to commit forgery as a misdemeanor, on his plea of guilty, and imposing sentence. Judgment affirmed. In our opinion, the arrest of the defendant was lawful. The search of his room was an incident of such arrest and the motion to suppress was hence properly denied. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.