THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BEAN, also Known as HENRY BEHANE, Appellant.— Defendant appeals from an order of the Franklin County Special Term of the Supreme Court denying a motion in the nature of a writ of error *coram nobis* to vacate a judgment of conviction of grand larceny, first degree, at the June, 1922, term of Supreme Court in Franklin County. Defendant was represented by counsel at the hearing held by the court below on the petition herein. The sole basis urged for vacating the said conviction is that the sentencing court failed to advise defendant, then

about twenty-four years of age and a first offender, of his right to counsel. The record of conviction contains no reference to counsel or to any statement of the court in regard thereto. On the hearing People called as a witness the Supreme Court Justice who sentenced defendant and who, prior to his election to the Supreme Court, had served four years as an assistant district attorney and seven years as a County Judge. The witness testified that he had no recollection of the June, 1922, term in Franklin County or, specifically, of defendant's case. Testifying as to his court procedure with respect to arraignments, he said, "If the defendant appeared without counsel I asked him if he wanted counsel, if he had the means to employ counsel, and if he said he wanted counsel or if he said he didn't want counsel, he was a young man, first offender, I assigned counsel anyway whether he wanted it or not. And I never took a plea of guilty that was going to send a man to prison without informing him of his rights and giving him opportunity to have his rights protected. * * * I never took a plea from anybody without assigning counsel — never." On cross-examination, referring to his testimony as to his usual practice in such cases, he stated, "It never varied, Mr. Handly, in my life." Testimony as to habit or custom has been held admissible. (*Beakes* v. *DaCunha,* 126 N. Y. 293; *Miller* v. *Hackley,* 5 Johns. 375; *Matter of Kellum,* 52 N. Y. 517.) On a trial in a proceeding of this nature it is for the trial court to pass on all questions of fact, including the credibility of the defendant and any other witnesses on either side. (*People* v. *Richetti,* 302 N. Y. 290, 296.) Upon the evidence before him the court has found that defendant's contention was incredible. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.