THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EDWARD A. BOEHM and FRITZ BOEHM, Respondents.

Fourth Department, January 5, 1955.

*John F. Dwyer, District Attorney (Robert A. Burrell* of counsel), for appellant.

*Edward K. O'Shea, Jr.,* for respondents.

KIMBALL, J. The People of the State of New York have appealed from an order of the Supreme Court which vacated the judgments of conviction of the respondents in a proceeding in the nature of a writ of *coram nobis*. The respondents were convicted of the crime of attempted robbery in the first degree by their pleas of guilty in September and November, 1931. They were sentenced to a term of twelve and one-half to twenty-five years with an additional five years for the use of a gun. It appears that subsequently they were transferred to Napanoch and later were released on parole. In June, 1942, they ran afoul of the Federal statutes. They were convicted and sentenced to Leavenworth Penitentiary for a term of ten years. In 1948, they were released from Leavenworth and returned to Napanoch from which institution they were transferred to the Auburn State Prison to serve out their maximum terms imposed upon them in 1931.

No attack was made by them upon the legality of their convictions of 1931 in Supreme Court until January, 1954, at which time they presented a joint petition in *coram nobis* alleging that at the time they pleaded guilty to the indictment in 1931, they were unaware of their right to be represented by counsel; that they were not advised of that right and that " they did not competently or intelligently waive their right to counsel; that they did not comprehend the serious nature and consequences of their guilty pleas ". Their petition goes further and sets forth that assuming they were advised of their right to counsel and had waived such right, still they " were unable to understand with intelligence the legal nature of the charges against them ".

Upon their petition, an order was made by which the respondents were produced in person before the court on January 25, 1954. Counsel was then assigned to them; an adjournment was taken and on January 28, 1954, a hearing was had at which the petitioners-respondents were present in person and by attorney. All rights of the respondents in a proceeding of this nature were accorded to them pursuant to law. (*People* v. *Richetti*, 302 N. Y. 290; *People* v. *Guariglia*, 303 N. Y. 338; *People* v. *Langan*, 303 N. Y. 474.)

The respondents were faced, upon the hearing, with the presumption that the judgments of conviction were regular. The presumption of regularity is not conclusive but is subject to rebuttal. (*People* v. *Guariglia*, *supra*.) Our duty, upon this appeal, is to say whether the respondents produced substantial and credible evidence sufficient to overcome the presumption and the evidence of regularity given on behalf of the People. The

Special Term made no findings except those appearing in its memorandum. That these respondents had no counsel is not disputed by the People. The question was whether they were advised of their right to counsel upon arraignment pursuant to section 308 of the Code of Criminal Procedure. The Special Term has made no finding in answer to that question. The order vacating the judgments of conviction is based upon the statement in the memorandum that: "It is inconceivable that with that background and without counsel they had sufficient comprehension of the situation to enable them, for instance, to waive the statutory period before sentencing, to say nothing about being able to comprehend the seriousness of a charge they were pleading to or an understanding of their rights to be represented by an attorney."

We feel that it is unnecessary to remit the matter to Special Term for a determination on the foregoing issue. We find that the evidence produced by the respondents is insufficient to sustain a finding that they were not advised of their right to counsel. The court record is silent and it was for that reason that the respondents were accorded a hearing at which they had the opportunity to bring forward their proofs. The only proof offered was their own testimony given twenty-three years after their convictions and when one Supreme Court Justice was deceased and the other out of the State. In their joint petition they both swore that they were not advised of their right under section 308 of the Code of Criminal Procedure. Their testimony at the hearing, instead of supporting that statement, in fact weakened it. The respondent, Fritz Boehm, merely testified that he did not recall anyone having said anything relative to his right to counsel. He said he did not remember any of the proceedings that went on that day. He even denied that he knew what he was in court for. Edward A. Boehm was asked whether he recalled anyone in the courtroom stating that he had the right to counsel. He did not answer the question except to deny that he was ever in the courtroom. He swore that he never appeared before a judge although his petition sets forth his arraignment in court. He stated he made up the petition or affidavit from the record and the lawbook. As opposed to the inconclusive, vague and almost incredible testimony of the respondents in relation to what took place twenty-three years ago, before two experienced Justices of the Supreme Court, we have the testimony of the special deputy clerk whose signature was upon the indictment. He testified that it was the custom of both Judges to advise defendants of their right to counsel. The

witness, of course, had no personal recollection of the arraignment and sentencing of these particular defendants. The testimony of one respondent that he had no recollection of being advised of his right to counsel and that of the other that he was not before the Judge at all, unsupported by anything else, is insufficient to rebut the presumption of regularity. This is particularly so where there is testimony of a court officer which to some extent, at least, supports the presumption. (See *People* v. *Lake,* 190 Misc. 794.) The respondents rely upon the case of *Matter of Bojinoff* v. *People* (299 N. Y. 145) and specifically upon one sentence in the opinion in reference to the weight of affidavits submitted by the defendant to rebut the presumption of regularity. In that case, the Judge was on record as having stated it to be his " ' * * * invariable custom to assign counsel only when the defendant pleaded not guilty * * * ' ". The *Bojinoff* case was decided two years previous to the *Richetti* case in which the rule of an open hearing was enunciated. In the instant case, we are dealing with testimony taken upon a hearing in open court, not with affidavits. Moreover, the testimony of the court officer was in support of the presumption of regularity, not in rebuttal of it, as in the *Bojinoff* case.

We are unable to agree with the Special Term that these defendants at the time of their conviction did not comprehend what they were charged with and did not understand their right to counsel. They had been in this country for nine years. In 1931, Fritz Boehm was twenty-four years old and his brother, Edward, twenty-six. They had worked in various parts of the country. It is beyond belief that they did not understand what was said to them. It is significant that no interpreter was employed by the court. The Special Term made use of certain probation reports which were not received in evidence. Such reports were somewhat irrelevant to the issue. One of the reports was delivered to us and we have felt justified in examining it, since it was considered by the Special Term. It indicates that the attempted holdup by these two men was by use of a stolen automobile and that they used their guns. One victim was shot four times. The other was more fortunate, as the bullet passed through his hat. It can hardly be said that they did not know what they were in court for or that they did not comprehend the seriousness of the charges against them.

The order appealed from should be reversed on the law and the facts, the motion denied, and the respondents remitted to the custody of the Warden of the Auburn State Prison there to be dealt with according to law.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order reversed on the law and facts and motion denied, and respondents remitted to the custody of the Warden of Auburn State Prison.