THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GLENN N. BIGNESS, Defendant.

County Court, Jefferson County, February 17, 1955.

*Gene Ratcliffe* for defendant.

*Angus G. Saunders, District Attorney,* for plaintiff.

WILTSE, J.   The defendant herein, through the institution of a *coram nobis* application, asks that his sentence in this court, as a second felony offender on November 24, 1939, be vacated and set aside, claiming that he was neither represented by nor advised of his right to counsel at said time, nor upon his plea of guilty to the second felony, burglary in the third degree, on November 13, 1939.

Defendant's moving papers having presented a question of fact for determination, since the official court records were not entirely clear and conclusive, a hearing at which defendant and his counsel were present was held in this court on December 30, 1954.   (*People* v. *Richetti,* 302 N. Y. 290.)

Defendant then offered testimony to the effect that he was arraigned on a charge of burglary in the third degree and petit larceny before Hon. HOWARD B. DONALDSON, Jefferson County Judge, on October 14, 1939, by District Attorney Carl J. Hynes, of Jefferson County, and in presence of his counsel, Sydney B. Cooper, Esq., entered a plea of not guilty; that his bail was continued, and that he thereafter removed himself from this county to Chicago, Illinois, from where he was returned by Jefferson County officials, and produced in this court on November 13, 1939; that he entered a plea of guilty on said date to burglary in the third degree and petit larceny, without being represented by or advised of his right to counsel; that thereafter and on November 16, 1939, he was charged in an information by District Attorney Hynes with being a second felony offender, and admitted his identity as such second felony offender — again without either being represented by, or advised of his right to counsel; and that he was thereafter sentenced, in a like manner, on November 24, 1939.

The People introduced in evidence official records of Carl G. Nill, court clerk, on the above dates, and at present, as well as a personal record of all proceedings in County Court that had been made by Hon. HOWARD B. DONALDSON.

The personal docket of Hon. HOWARD B. DONALDSON indicated that Sydney B. Cooper was attorney for defendant, a notation relating to same reading: " Sydney B. Cooper, Attorney."

Records of the clerk, in his handwriting, contained a notation that the aforesaid attorney was present, and represented defendant, upon his arraignment on October 14, 1939; that defendant's attorney was not present on November 13, 1939 (when plea of

guilty to burglary in the third degree and petit larceny was entered), or on November 16, 1939 (when he admitted being a second felony offender), or on November 24, 1939 (when sentenced as a second felony offender); and that on each of the last three dates mentioned the defendant "waived right to counsel". The words in quotation had evidently been written at a different time than the other records in the proceeding. They appear to be in a different ink, and interlined — whether at the time, or later, is not known.

The County Judge, District Attorney, and the attorney, are deceased. The clerk aforesaid, who made the records, testified.

He identified them, said he had no recollection of making them, but remembered that the defendant had no counsel on any of the dates mentioned, including the original arraignment on October 14, 1939; that he was advised by the court on each date concerning his right to counsel, and that he refused the offer of counsel each time.

Examination of the second felony information upon which defendant was arraigned on November 16, 1939, revealed that the notary public who took the acknowledgment of Carl J. Hynes, the District Attorney, was " S. B. Cooper." The signature of " S. B. Cooper " was properly identified upon the hearing as the signature of " Sydney B. Cooper ", an attorney; and proof offered showing that there was only one attorney in Jefferson County in 1939, bearing that name.

Since the testimony of the clerk at the hearing, and his written records, were at variance; and since defendant's own testimony even admitted representation on October 14, 1939, at time of original arraignment, the name, " S. B. Cooper ", on the second offender information appeared to be of significance.

Therefore, the District Attorney requested, and was granted, permission to offer additional testimony on January 13, 1955, after the first hearing of December 30, 1954. Defendant's counsel was then present, but defendant had been returned to Dannemora, New York, and his presence was not again requested by counsel.

At that time, one David Lane, a member of the editorial staff of the *Watertown Daily Times,* from prior to 1939 to the present, testified for the People. He stated that he reported all of the proceedings with relation to the defendant on all of the above dates; that he wrote various news items that were published concerning same — these items being identified and read — and that he recalled the proceedings, and that Sydney B. Cooper, attorney, appeared for defendant on each of the dates. On the

date of sentencing of defendant, he stated that said attorney made a plea for leniency for defendant, and that he had written the news story that was published to that effect on the date in question.

Even without the testimony of the said Lane, it would appear that defendant had failed to sustain his contentions by the degree of proof required, and overcome the presumption of the regularity of the proceedings in the Jefferson County Court that affected him. (*People* v. *Hasenstab,* 283 App. Div. 433; *People* v. *Arena,* 128 N. Y. S. 2d 514; *People* v. *Bean,* 284 App. Div. 922; *People* v. *Yancovich,* 135 N. Y. S. 2d 149.)

Considering the name " S. B. Cooper " on the second felony offender information and the testimony of the witness, Lane, and all of the evidence, not only has he failed affirmatively to establish that his constitutional rights were violated, but it appears that he was represented by counsel at all stages of the proceedings.

The application of the defendant is therefore denied in all respects.

An order may be entered accordingly, and a copy of same, and of this memorandum, served upon the defendant, and his counsel.