Michael J. Montesano, J.
The appellant, by appropriate proceedings, moved the City Court of Buffalo to vacate a judgment of conviction recorded against him in that court, dated September 11, 1934. A hearing on his petition in support of his motion was held in that court and testimony taken on the 11th day of January, 1956. The appellant appeals to this court from an order of the city court denying his motion to vacate the judgment of conviction.
It appears that in September, 1934 the appellant, then 17 years of age (and a named codefendant) was arrested and charged with the theft of “ a pair of opera glasses * * * of the value of $15.00.” It is his claim and he so testified that his ignorance of his rights, unfamiliarity with court procedure, the inducements and suggestions of the arresting officer, fear and his then youth caused him to plead guilty to the charge of petit larceny. He was placed on probation. He is now 39 years *944 old and married. This incident appears to have been his first, last and sole brush with the law. Recently the State Liquor Authority, because of this conviction, denied his application for a solicitor’s permit. He then became aware of the judgment of conviction, so he claims.
The appellant contends that neither at the time of his arraignment nor at any time during the trial was he advised of his right to the aid of counsel. Failure to be so advised, he contends, was a violation of his fundamental right pursuant to the Federal and State constitutions (U. S. Const., 6th Arndt.; N. Y. Const., art. I, § 6, as implemented by Code Grim. Pro., §§ 188, 308).
This proceeding is in the nature of a writ of error coram nobis to vacate the judgment and expunge the record of conviction based upon an alleged denial of due process. In effect, the order under review holds that the proof offered by the appellant was insufficient to overcome the presumption of regularity which attached to the judgment of conviction.
The scope of the hearing was very limited. The issue was whether or not the defendant, at his arraignment, or at any time during the trial was advised of his right to the aid of counsel. The Buffalo City Court records are silent on the subject.
The appellant and his mother who.was present at the time of the arraignment were asked directly to state whether or not the court advised the defendant of his right to counsel. Repeatedly and in various forms, but in substance, the question as to whether he was “ advised that he was entitled to counsel ” was objected to as “ leading ” and sustained.
Clearly a witness, when asked to state what was done and said at the time of the. arraignment, could hardly be expected to, testify to what, did not happen or to what was not said. The hearing was not to determine what did not occur at the arraignment or trial but what did occur. To state what did not occur might conceivably fill volumes and yet have no definite answer to the main question. It was necessary, therefore, as I Anew it, to ask directly if the court advised the appellant of his right to counsel. ‘ ‘ Without a definite answer, we cannot be sure that the question was asked”. (Matter of Bojinoff v. People, 299 N. Y. 145, 150.) In sustaining these objections as leading, the court erred.
The People offered to prove by a clerk of the court serving at the time of the arraignment and for some time prior thereto, that it was the custom and practice of the judge sitting in criminal part of that court on. arraignments to advise the *945 defendants of the right of adjournment and counsel pursuant to sections 188 and 308 of the Code of Criminal Procedure. The court refused to admit such testimony. This too was error. (People v. Boehm, 285 App. Div. 245, 248, affd. 309 N. Y. 362; Matter of Bojinoff v. People, supra.)
There is another element which is worthy of comment. It appears that the appellant was not apprehended by the police but voluntarily appeared at a police station and submitted to arrest. The arrest and conviction occurred on the 11th day of September, 1934; the undated written information charging the defendant with the commission of the offense was sworn to September 12, 1934, one day after his arrest and conviction. There was therefore no written information before the court at the time of his conviction. The failure to file a written information constitutes a fatal jurisdictional defect. “ The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.” (People v. Zambounis, 251 N. Y. 94, 97.) In (People v. Jacoby, 304 N. Y. 33, 43) Judge Fuld said: “ We all seem to be agreed that prosecution for a misdemeanor can proceed only upon a written information designating the offense charged and setting out the acts allegedly committed by the defendant constituting that offense — and, indeed, there can be no doubt of that proposition.”
In People v. Eastman (306 N. Y. 658, 659-660) the court stated: “ While we have heretofore clearly indicated that the writ of error coram nobis lies in courts not of record — such as a Court of Special Sessions — nevertheless, in the situation now before us where the defect is made clear by ‘the record, that remedy is not available (Matter of Hogan v. New York Supreme Court, 295 N. Y. 92, 96-97; Matter of Morhous v. New York Supreme. Court, 293 N. Y. 131,140).” Is this omission a defect which cannot be considered in a coram nobis proceeding? If it cannot be considered in this proceeding, the legality of the judgment of conviction may be reviewed by mandamus. (People v. Sidoti, 1 A D 2d 232; People ex rel. Sloane v. Lawes, 255 N. Y. 112.)
The order of the City Court of Buffalo is reversed and the matter remitted to the Buffalo City Court to take further proof in accordance with this opinion.
Enter order accordingly.