THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK E. BRILLIAN, Appellant.

Fourth Department, March 20, 1957.

*Robert M. Laughlin* for appellant.

*Edwin G. O'Connor, District Attorney,* for respondent.

*Per Curiam.* Petitioner-appellant, while serving sentence as a third felony offender, brought this proceeding in the nature of a writ of *coram nobis* to vacate and expunge from the records of the Chautauqua County Court a judgment of conviction imposed on the 26th day of September, 1938. The petitioner

so far has failed because the court below has regarded his evidence as insufficient to overcome the presumption of regularity attending judgments of conviction.

Petitioner's testimony, coupled with a showing of the absence of any court records indicating that he was advised upon his arraignment of his right to counsel or asked if he desired counsel, we believe, constitutes sufficient substantial evidence to call upon the People to go forward with their proof.

The failure of the People to call either the District Attorney or the court reporter, both of whom were available, is significant. This failure, coupled with the testimony of the sentencing Judge, we believe, does not overcome appellant's claim. The court, of course, had no independent recollection of what transpired upon the arraignment of this petitioner-appellant or his two codefendants on September 19, 1938. His testimony, however, as refreshed by his own personal notes and amplified by notes furnished the court each night by his reporter, establishes that this defendant in company with his two codefendants appeared in court for arraignment on September 19, 1938. This defendant and one of his codefendants were not represented by counsel and both pleaded guilty to the charge contained in the indictment. The remaining defendant, who was represented by counsel, pleaded not guilty. When the three appeared for sentence on the 26th day of September, the defendant represented by counsel withdrew his plea of not guilty and pleaded guilty. Thereupon the court imposed sentence upon each of the three defendants. The court record of that day's proceedings discloses that this defendant-appellant was still without counsel. During the course of his testimony the court testified that it was his uniform custom to advise all persons arraigned before him of the right to counsel before pleading to the indictment, "telling him he was entitled to counsel if none were obviously present." Whether such advice was given at the time of arraignment the court stated "I have no notes as to whether he was or not, and I have no present recollection of it. I can only state our custom." Further testifying the court stated "However, they all knew that Joy had a lawyer and because of the custom I feel sure that they all knew that they were entitled to have one assigned." Such knowledge we do not believe can be imputed to appellant because of the reasons suggested by the court. Notwithstanding the testimony relating to the uniform custom of the court to advise an accused of his right to counsel upon arraignment, we reach the conclusion upon this record that there is no room for the application of the presumption of regularity to sustain appellant's conviction of September

26, 1938. The evidence offered on behalf of the People did not, in our opinion, present an issue of credibility. The court testified as to what occurred on the day of arraignment from notes. They do not contradict in any degree the personal recollection of appellant.

It follows that the order should be reversed, the motion granted, the judgment vacated and the appellant remanded to the Sheriff of Chautauqua County at Attica State Prison for further proceedings upon the indictment.

WILLIAMS, J. (dissenting). I am dissenting because, in my opinion, there is only a question of fact involved which was not improperly decided by the Trial Judge. As stated in the prevailing opinion, the defendant contends that he was not advised of his right to counsel in the proceeding which resulted in his conviction of the crime of grand larceny, first degree, in September of 1938. His testimony to that effect was given in July of 1955 or almost 17 years after the conviction. In addition to the conviction in question he was convicted of grand larceny, second degree in 1945 and assault, first degree in 1950. He was sentenced on all three of these counts but at no time before his 1953 petition in this proceeding did he raise the question here presented. His present contention is supported only by his own statement. It is not surprising that court records may have been somewhat incomplete and memories somewhat vague and indefinite in 1955. Testimony as to habit and custom was properly admitted in support of the contentions of the People. (*People* v. *Bean,* 284 App. Div. 922.) Even though the burden of going forward may have shifted, as the majority opinion states, the burden of proof remained with the defendant. In *coram nobis* where " There must be a trial  *  *  *  it will be for the Trial Judge to pass on all questions of fact, including the credibility of defendant and of any other witnesses on either side." (*People* v. *Langan,* 303 N. Y. 474, 480.) " On a trial in a proceeding of this nature [*coram nobis*] it is for the trial court to pass on all questions of fact, including the credibility of the defendant and any other witnesses on either side." (*People* v. *Bean, supra,* p. 923.) In the final analysis, it was for the Trial Judge to determine as a question of fact whether the defendant had met his burden of proof. In determining this he was entitled to analyze and evaluate the testimony of this highly interested, thrice convicted felon, to decide what credence, if any, it should be given. He had the right to consider and weigh all the testimony in the case, including that of the habits and custom of the Trial Judge who presided over the 1938 proceeding.

All concur, except WILLIAMS, J., who dissents and votes for affirmance in a separate memorandum. Present — VAUGHAN, J. P., KIMBALL, WILLIAMS, BASTOW and GOLDMAN, JJ.

Order insofar as appealed from reversed, on the law and facts, motion granted, judgment of conviction vacated, and defendant remanded to the custody of the Sheriff of Chautauqua County at Attica State Prison for further proceedings upon the indictment.