■ JACK YARMOVE, Appellant, v. SINCLAIR ROBINSON et al., Respondents. — Action by a real estate broker to recover commissions alleged to have been earned when he produced a purchaser for certain real property, fixtures and equipment (first cause of action), or to recover the reasonable value of his services (second cause of action) and to recover the reasonable value of certain other services (third and fourth causes of action) against Merkel, Inc., the owner of the real and personal property, and one Robinson, who controlled said corporation. Robinson interposed a counterclaim to recover damages alleged to have been sustained because of the broker's fraud in the proposed sale of the real and personal property. The third and fourth causes of action were withdrawn. At the close of the evidence, the court dismissed the first and second causes of action as to Robinson, dismissed the second cause of action as to Merkel, Inc., and dismissed Robinson's counterclaim. The jury rendered a verdict in favor of Merkel, Inc., on the first cause of action. The appeal is from the judgment entered thereon, except from that part which dismissed the counterclaim. Judgment insofar as appealed from reversed, action severed,

and new trial granted as between appellant and respondents with respect to the issues raised by the pleadings, exclusive of those presented by (1) the third and fourth causes of action pleaded in the complaint and the answer thereto, and (2) the counterclaim pleaded by respondent Robinson and the reply thereto, with costs to appellant to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. On the trial a sharp issue of fact was presented as to whether or not appellant had been employed as a broker by the respondents, or either of them, to find a purchaser for the property in question. Respondent Robinson was permitted to testify over objection that he had prepared or assisted in preparing, about 40 contracts involving real estate and corporate transactions, and that in connection with the transactions in which there was a broker (the number of which was not stated) he had always either named the broker in the contract or had a separate letter agreement with him. In our opinion this was error. Evidence of custom or habit has been received, under varying circumstances, as tending to prove the doing, on a specific occasion, of the act which is the subject of the habit or custom. (Cf. *Beakes* v. *Da Cunha,* 126 N. Y. 293; *Matter of Kellum,* 52 N. Y. 517; *Persons* v. *Kruger,* 45 App. Div. 187; *People* v. *Bean,* 284 App. Div. 922.) However, this evidence fell far short of establishing a habit or custom on respondent Robinson's part with respect to contracts involving brokers, and was not offered to establish that Robinson had followed a habit or custom on the occasion which was the subject of the inquiry, but was offered for the purpose of proving that he had not entered into a brokerage contract with appellant. There was no lack of direct proof as to that issue, and the evidence was incompetent to establish that such a contract had not been made. (Cf. *Zucker* v. *Whitridge,* 205 N. Y. 50.) This evidence was not rendered competent by appellant's testimony on cross-examination that oral brokerage agreements were customary, since it did not tend to prove that they were not. In our opinion it was error, on the record presented, to dismiss the complaint as against the respondent Robinson as a matter of law. On the new trial the question of the liability, if any, of respondents Robinson or Merkel, Inc., may be more fully explored. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [See 4 A D 2d 674.]