Edward M. O ’Gtorman, J.
The defendant, an adjudged second felony offender, has moved to set aside his first conviction, on the grounds that he had not been advised of his right to be represented by counsel.
Upon the hearing, the defendant was the sole witness. He testified, on direct examination, that when he appeared before the court for arraignment on November S, 1941, he did so without an attorney; that the indictment was read to him and that he pleaded guilty; that thereafter, on December 22, 1941, he again appeared before the County Court, received a suspended sentence, and was sent back to the Warwick State Training School, and that at none of the foregoing times had he been advised of his right to be represented by an attorney.
No stenographic minutes of the arraignment or sentencing were introduced into evidence, and none of the documentary evidence indicated that the defendant had been represented at any time by an attorney, or that he had been advised of his right to be so represented. The People make no claim that the defendant had in fact been represented by counsel-
*553 The defendant’s answers on cross-examination indicate that he does not retain a clear recollection of all of the details of his arraignment or of his sentencing, except that he remembers that the Judge did not advise him of his right to be represented by counsel and that he was not represented by counsel.
The People argue that this failure to recall many of the other details of his court appearances affects the weight of the testimony, so as to make it incapable of overcoming the presumption of regularity. They offered no affirmative proof. They have placed the presumption of regularity in the scales against the direct testimony of the defendant, which they urge the court to disbelieve.
The cases cited by the People and by the. defendant seem to be in conflict.
In People v. Morhous (268 App. Div. 1016 [1914, 3d Dept.]) the appellate court stated that the only proof that the County Court failed to advise the defendant of his right to counsel was the defendant’s own assertion. Under such circumstances, the court held that in the absence of clear and convincing proof to the contrary, the court was bound to presume that the County Court performed its duty and that the relator’s constitutional rights were not invaded.
However, in a later case, the Appellate Division (3d Dept.), under similar circumstances, took a somewhat different view. In that case, the record indicated that the testimony of the defendant did not go beyond his affirmative statement that he was not informed of his right to counsel. The appellate court there commented that it failed to understand what further statements the defendant could be expected to make, and it there held that under the circumstances disclosed by the record, the defendant had met the burden of showing that he was not represented or advised or his right to representation by counsel, and it reversed the order of the County Court denying defendant’s motion. (People v. Conroy, 1 A D 2d 513 [1956].)
In People v. Lensky (1 A D 2d 831 [1956]), the court affirmed the order of the County Court denying defendant’s motion, and stated that in that case it was within the province of the County Judge to refuse to credit the testimony of the defendant, even though it was not directly contradicted. It does not appear from this opinion whether any indirect -contradictory proof had been offered on behalf of the People.
In People v. Brillian (3 A D 2d 318, 319-320 [1957, 4th Dept.]), the appellate court reversed the County Court and granted the motion of the defendant in a case in which the People had offered testimony as to the court’s custom of advising defendants of *554 their right to counsel, the court stating: “ we reach the conclusion upon this record that there is no room for the application of the presumption of regularity to sustain appellant’s conviction of September 26, 1938. The evidence offered on behalf of the People did not, in our opinion, present an issue of credibility. ’ ’
We conclude from these cases that where the only proof in a coram nobis proceeding is the testimony of the defendant himself, the court is not free to disregard this testimony and apply the presumption of regularity, unless an issue of credibility is raised by the People. The court is not free to disbelieve the defendant, either because of his interest in the outcome of the hearing or because of his criminal record, without the issue of credibility being otherwise raised. If this is not so, the hearing itself will be illusory, and the proceeding will become a mockery.
The answers of the defendant on cross-examination that he could not remember the names of the court personnel or the capacities in which certain officials participated in his arraignment, are not inherently improbable, especially in view of the age and the education of the defendant at the time. The court is unwilling to apply a presumption not only that the defendant was advised of his constitutional rights, but also that he had the capacity to and did actually intelligently waive the right to be represented by counsel in the face of his uncontradicted direct testimony to the contrary.
Motion granted. Submit order.