W. Vincent Grady, J.
Application has been made to the County Court of Dutchess County by the above-named defendant in person for relief in the nature of a writ of error coram nobis to have a certain conviction for the crime of burglary in the third degree rendered against him on November 27, 1939 vacated, voided and expunged from the record on the ground that defendant was never advised of his right to be represented by counsel.
The District Attorney of Dutchess County, through his assistant, John B. Heilman, Jr., opposes the application.
Hon. John B. Schwartz, Dutchess County Judge, has disqualified himself in this proceeding by reason of the fact that he was District Attorney at the time of the conviction of this defendant and has certified the matter to the Surrogate of Dutchess County pursuant to section 73-a of the Civil Practice Act and section 44 of the Code of Criminal Procedure.
A hearing was had on the application, and Anthony M. Quartararo, Esq., of Poughkeepsie, New York was assigned by the court to represent the defendant.
It appears from the evidence presented at the hearing that the Calendar Clerk’s minutes covering the arraignment of this *28 defendant and Ms subsequent sentence are silent as to whether he was ever advised of his right to counsel.
The defendant testified that when he was arraigned in Dutchess County Court on November 22, 1939 on the charge of burglary in the third degree, he was not asked if he wanted an attorney, nor was he advised of his right to counsel. He further stated that on November 27, 1939, the day of his sentence, he had no attorney and was not advised of his right to counsel. He remembered that the late Judge Flannery was the County Judge, and Judge Schwartz was the District Attorney, but he did not remember anything that was said by the District Attorney or the Court Clerk; but as to Judge Flannery, he remembered that he never asked me, do I want a lawyer or not. The defendant admitted under cross-examination that the first time he remembered that he had not been advised of his right to counsel was some years later when he was sentenced to 15 years to life on a subsequent crime. The defendant does admit having been asked by the Court Clerk if he had anything to say why sentence of the court should not be pronounced upon him and he remembered answering “ No ” to that question.
Hon. John R. Schwartz, present County Judge of Dutchess County and District Attorney at the time of the conviction of this defendant, was called as a witness by the People; and he testified that he had no specific recollection of the proceedings with reference to the indictment and conviction of Lloyd Willis, Thomas Jones and Mitchell Smith except that he identified his signature on the indictment and the record of conviction. Judge Schwartz testified that the late J. Gordon Flannery was County Judge at the time of this conviction, but that he does not recall anything in particular about the proceedings except that he recognized the defendant as a man with whom he had some dealings years ago. Judge Schwartz testified that it was the custom of Judge Flannery to inform defendants of their right to counsel, although he stated “I will say that once in awhile he didn’t.” He further stated that he had no specific recollection of this matter.
John Mitchell Smith was then called as a witness by the People and testified that he was one of the codefendants with Lloyd Willis on the 1939 conviction. Mr. Smith recalled that in 1939 he was before County Judge Flannery of Dutchess County on an indictment in which he was jointly charged with Lloyd Willis and another with the crime of burglary. He stated that Judge Flannery told him that he was entitled to a lawyer or he could cop a plea, but that he did not know that he could have one for nothing. He said he did not get a lawyer because *29 he could not afford one. Mr. Smith further testified that Lloyd Willis was present with him when Judge Flannery asked him if he wanted a lawyer, and that the court asked Lloyd Willis, too, if he wanted a lawyer.
After hearing the testimony and reading the memoranda of law submitted by the respective attorneys and after due deliberation thereon, the court decides and finds as follows:
There is a presumption of regularity of judgment (People v. Lake, 190 Misc. 794, appeal dismissed 299 N. Y. 675).
The defendant must produce substantial and credible evidence to overcome this presumption (People v. Boehm, 285 App. Div. 245 [1955], affd. 309 N. Y. 362). In this case the court held that the evidence produced by the respondents was insufficient to produce a finding that they were not advised of their right to counsel. The burden is on the defendant to show that he was not represented or advised of his rights, and not upon the People to show that he was (People v. Oddo, 283 App. Div. 497 [1954]).
The court can refuse to credit defendant’s testimony even if it is not directly contradicted (People v. Lensky, 1 A D 2d 831).
The law seems clear that where court records are silent and defendant’s affidavit years later claims that he was not advised of his rights to counsel, this in and of itself is not sufficient to rebut the presumption of regularity attached to judgments of convictions.
The testimony of Judge Schwartz, who was District Attorney at the time of the conviction and of John Mitchell Smith, a codefendant, refute the contention of defendant that he was not advised of his right to counsel.
The fact that defendant was not advised that he did not have to pay for counsel, does not constitute a denial of his right to be represented by an attorney.
The evidence produced by defendant is insufficient to sustain a finding that he was not advised of his right to counsel. Application for a writ of error coram nobis denied.