W. Vincent Grady, J.
Application in the nature of a writ of error coram nobis was made to the County Court of Dutchess *590 County by the above-named defendant, to have a certain conviction for burglary in the third degree and grand larceny in the second degree rendered against him on December 28, 1937 vacated, declared void and expunged from the record.
Honorable John R. Schwartz, Judge of the County Court, disqualified himself in the proceeding by reason of the fact that he was District Attorney at the time of the conviction of this defendant, and certified the matter to the Judge of the Surrogate’s Court of Dutchess County pursuant to section 73-a of the Civil Practice Act and section 44 of the Code of Criminal Procedure.
After a hearing at which the defendant testified in person, and on this and other evidence presented by the District Attorney, the court on July 5,1961, denied the writ.
The defendant appealed to the Appellate Division of the Supreme Court, Second Department, which learned court on May 21, 1962 (16 A D 2d 822) reversed the order of the County Court and the proceeding was remitted to the lower court for a new hearing and determination.
The matter was again brought before the Dutchess County Court on September 19, 1962 and the petitioner Lloyd Willis testified in his own behalf. The People produced the court records and presented the testimony of: (1) A codefendant, Frank Peterson, (2) the assigned attorney for Mr. Peterson, Carl Silber, Esq., of Poughkeepsie, N. Y., and (3) Honorable John R. Schwartz, Judge of the County Court, who was District Attorney at the time of the conviction of petitioner.
Section 308 of the Code of Criminal Procedure provides: “If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel,.and if he does the court must assign counsel. ’ ’
There is a presumption of regularity to all judgments of a court of record. However, in the present case the court records are silent as to whether or not the petitioner was informed of his right to counsel.
The County Court Docket for 1937 contains the following:
Page 410 — “People vs. Frank Peterson & Lloyd Willis, Burglary 3rd Degree and Grand Lar. 2nd Degree
John R. Schwartz, Dist. Atty for People
Defts in open court
Carl Silber, Atty for Deft. Peterson
Defts arraigned. Deft Peterson pleads guilty to Ind.
Deft Willis pleads guilty to Ind. Sentence deferred to Dec. 22, 1937.”
*591 Page 413 — ‘ ‘ Lloyd Willis, Burg 3rd & Grd Lar. 2nd.
Sentence adjourned.”
Page 417 — “ People vs. Frank Peterson & Lloyd Willis, Burg 3rd & Grand Lar 2nd
John B. Schwartz, Dist Atty for People
Lefts in open court for sentence
Carl Silber, Atty for Left Peterson
Lefts sentenced to N. Y. State Vocational Institution at West Coxsackie, N. Y.”
The petitioner, Lloyd Willis, stated that he remembered Lecember 22,1937 when he was arraigned before the late County Judge J. Gordon Flannery along with Frankie Peterson, a codefendant. He stated that Peterson’s family hired a lawyer to defend Peterson but his family was not able to afford counsel for Willis, so he thought it would be better to plead guilty and get it over with, which he did. He later appeared on Lecember 28 for sentence and did not have an attorney with him on that day. He stated that during his appearances in County Court he was never advised of his right to counsel and no one asked him if he wanted an attorney and no attorney was assigned to him. He stated that he was 18 years of age at the time and had education of about a fourth grader.
On cross-examination Willis did not remember what Listrict Attorney Schwartz said in court that day and did not remember what the Judge said in talking to Peterson’s attorney.
Frank Peterson, a codefendant of Willis, testified that he recognizes Lloyd Willis and remembers that he was a codefendant with him in 1937, and that his mother got Peterson a lawyer. Peterson does not recall anything that was said to him or Willis in court by Judge Flannery or Listrict Attorney Schwartz. Peterson was not able to identify the attorney that represented him in 1937.
Carl Silber, Esq., called by the People testified that he had examined his files to see if he had any record of representing Frank Peterson in a criminal case in 1937 and only found an index card which indicated that he had represented him. He stated that he has no present recollection of the facts of that case, and does not recognize Mr. Peterson or Lloyd Willis.
Honorable John B. Schwartz, Judge of the County Court, and Listrict Attorney of the county at the time of the conviction of Lloyd Willis in 1937, testified that he was Listrict Attorney from January 1, 1930 to March 4, 1947. He stated that he remembered the name of Lloyd Willis but did not remember one Frank Peterson and proceeded to identify Lloyd Willis in the *592 courtroom. Judge Schwartz did not recall any of the language or facts concerning the appearance of Lloyd Willis in court in 1937. He stated that it was the practice of Judge Flannery, the late County Judge, to ask defendants if they had counsel or desired the court to assign counsel; but he does not recall in this specific instance of Lloyd Willis whether or not Judge Flannery asked that question. Judge Schwartz further stated that although it was Judge Flannery’s custom to inform defendants of their right to counsel, once in awhile he did not.
The petitioner contends that his sworn testimony uncontradicted by any substantial evidence on the part of the People is enough to overcome the presumption of regularity of judgment. He quotes People v. Conroy (1 A D 2d 513 [1956]) a case in which the defendant claims the fact situation is similar to his. On page 516 the court said: “ We recognize the defendant as a witness greatly interested in the result of the trial and that his interest could affect his credibility * * * the defendant consistently and repeatedly testified both on direct and cross-examination that he was neither advised of his right to counsel or represented by counsel * * * We fail to understand what further statements defendant could be expected to make * * * The Matter of Bojinoff v. People (Cf., 299 N. Y. 145.) * * * Order reversed, * * * judgment of conviction * # * vacated ’ ’.
The People on the other hand refer to the case of People v. Lake (190 Misc. 794 [1948], appeal dismissed 299 N. Y. 675) wherein the lower court stated at page 796:
“ True, the records of both convictions are silent as to whether or not the petitioner was interrogated concerning his desire for, or informed of his right to counsel but no rule, requiring a notation of such interrogation on the record, has come to my attention.
‘ ‘ Every avenue of exit should be available to a prisoner illegally sentenced, but the presumption of regularity, attaching to a judgment of conviction, is not to be dissipated in an area of conjecture or expedient answers.
“ No attempt is made here to postulate a rule that will produce the sesame sought by this kind of application. Each case, of necessity, must turn on the facts peculiar to it. The conclusion here reached is that the omission of the records to indicate that a defendant had counsel or was advised of his rights, supplemented many years later by his testimony that he was not advised of his rights, is not sufficient in and of itself to rebut the presumption of regularity attaching to judgments of conviction. ’ ’
*593 The People rely upon the presumption of credibility of court proceedings and the credibility of the testimony of the witnesses, other than the petitioner. The courts have held that the burden is upon the defendant to show that he was not represented or advised of his right to representation by counsel and it is not upon the People to show that he was so represented or advised. (See People v. Oddo, 283 App. Div. 497, 499 [1954]; also, see, People v. Boehm, 285 App. Div. 245 [1955], affd. 309 N. Y. 362.)
The petitioner refers to the case of People v. Brillian (3 A D 2d 318 [1957]). In this case the judgment of conviction had been imposed on the 26th day of February, 1938 and it appears the court records were blank and the presiding Judge testified at the hearing that he had no recollection of the case though he said it was customary to advise the accused persons of their right to counsel. On appeal of the order denying relief, the court stated (p. 319): “Petitioner’s testimony coupled with a showing of the absence of any court records indicating that he was advised upon his arraignment of his right to counsel or asked if he desired counsel, we believe, constitutes sufficient substantial evidence to call upon the People to go forward with their proof.”
Then at page 320, it stated:
‘1 The evidence offered on behalf of the People did not, in our opinion, present an issue of credibility. The court testified as to what occurred on the date of arraignment from notes. They do not contradict in any degree the personal recollection of the defendant.
“ It follows that the order should be reversed ”.
In the same case Mr. Justice Williams dissenting at page 320 stated: “In the final analysis, it was for the Trial Judge to determine as a question of fact whether the defendant had met his burden of proof. In determining this he was entitled to analyze and evaluate the testimony of this highly interested, thrice convicted felon, to decide what credence, if any, it should be given. He had the right to consider and weigh all the testimony in the case, including that of the habits and custom of the Trial Judge who presided over the 1938 proceeding.”
In People v. De Vore (14 A D 2d 469 [1961] the court stated: “ The available records are negative, neither supporting nor rebutting defendant’s contention. The County Judge, District Attorney and County Clerk then in office are deceased. The application was properly denied upon the court’s findings, fully warranted upon this record, that the defendant’s testimony was not credible and hence that he had not sustained the burden of proof.”
*594 In People v. Means (14 Misc 2d 552 [1958]) it was held that the sworn testimony of the petitioner is enough to overcome the presumption of regularity as attached to the judgment.
In the instant case the failure of the People’s witnesses to remember any of the facts surrounding the arraignment, plea and sentence of this defendant and the fact that the court records are silent in regard to whether defendant was advised of his right to counsel, or, whether he was represented by counsel, reduced the issue to a question of whether the court can rely on the testimony of the petitioner.
Although the defendant was only 18 years of age at the time of his conviction; nevertheless, he was old enough to remember the proceeding, and after hearing his testimony the court concludes that he has overcome the presumption of regularity.
The writ should be granted and the judgment of conviction vacated.