■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT PAULO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.

*Per Curiam.* This appeal from a judgment dismissing a writ of habeas corpus is predicated upon relator's contention that the jury upon his trial in 1943 for felony returned to the courtroom for, and presumably were given, additional instructions, in his absence. (See Code Crim. Pro., §§ 356, 427.) The clerk's minutes indicate only that the jury "returned to the Court Room at 12:14 P.M. and asked for further instructions from the Court" and that the jury "again retired at 12:20 P.M." There is no evidence of what, if anything, transpired in the six-minute interval unless probative force be given a newspaper article offered by the Deputy Attorney-General appearing for the respondent warden which indicated that the jury asked for and was refused a document not in evidence. The minutes kept by the Judge presiding at the trial contain no reference to the jury's return or to any instructions. The stenographic minutes of the trial were obtained for use upon defendant's appeal but are said to have

been lost. The whereabouts of the stenographer are not known. Assuming *arguendo* that there was sufficient evidence to indicate that instructions of some sort were given, it does not necessarily follow from the proof that defendant was absent or that the statute was otherwise violated. The clerk's minutes do not purport to show the presence of the relator and his codefendants at many of the sessions of the five-day trial, although concededly they were there; and the clerk testified that at that time he was not accustomed to noting the presence of a defendant or of counsel except in murder trials. In this case no appearances were noted as such and there is no indication of defendant's presence except at the opening of the trial and again when he testified. Consequently, we give no evidentiary effect to the omission from the minutes of any reference to defendant's presence when and if the jury returned for instructions; and we find that the other evidence from which his absence might be inferred is outweighed by the abundance of proof, adduced from a number of responsible witnesses, of the "invariable practice" of the Judge, and of the District Attorney and court clerk as well, to make certain that the defendant was in the courtroom before the jury was brought in. (*People* v. *Boehm,* 285 App. Div. 245, affd. 309 N. Y. 362; *People ex rel. Shapiro* v. *La Vallee,* 18 A D 2d 950, mot. for lv. to app. den. 12 N Y 2d 649, app. dsmd. 12 N Y 2d 1109, cert. den. 375 U. S. 886; *People* v. *Bean,* 284 App. Div. 922, cert. den. 348 U. S. 974.) Judgment affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ, concur.