Oscar Murov, J.
Defendant on December 7,1970, pled guilty to the misdemeanor of operating an uninsured mini-bike (Vehicle and Traffic Law, § 319) and was sentenced to pay a fine of $100.
On January 21, 1971, he made the instant motion for a writ of error coram nobis to (1) withdraw his plea of guilty, (2) vacate the judgment of conviction and to remit the fine because he was not represented by counsel and (3) because he was, in fact, insured on October 25, 1970, the date of the ticket. In support of the motion he submits a copy of his insurance policy and a letter from his insurance broker stating that the policy has been in continuous force on the date of the ticket. Defendant also submits an affidavit of errors which might be considered a notice of appeal. (See Code Crim. Pro., § 515.)
I.
After a plea of guilty and payment of the fine, the court has no jurisdiction to permit the withdrawal of the plea of guilty. (Code Crim. Pro., § 337; People v. Lewis, 55 Misc 2d 756; Matter of Hughes v. Court of Special Sessions, 181 Misc. 846). However, the court can correct mistakes in its own judgments, or to investigate and, in a proper case and upon a proper showing, to set them aside at any time if they are based upon trickery, deceit, coercion, or fraud and misrepresentation. (Matter of Lyons v. Goldstein, 290 N. Y. 19, 23.) None of the above grounds for setting aside the judgment are alleged in defendant’s affidavit.
H.
Defendant contends that he was denied the assistance and advice of counsel. Coram, nobis can be used to set aside a judgment obtained in violation of a constitutional right (People v. McCullough, 300 N. Y. 107, 110), and the right to counsel is a constitutional right (N. Y. Const., art. I, § 6).
The back-up sheet indicates that defendant was (1) advised of his right to counsel, (2) advised of his right to assigned counsel, (3) advised of the provisions of section 335-a of the Code of Criminal Procedure, and (4) advised of his right to a bill of particulars. It is to be pointed out that there is a presumption of regularity of court records (People v. Willis, 31 Misc 2d 27, affd. 19 A D 2d 863; People v. Lake, 190 Misc. 794, app. dsmd. 299 N. Y. 675). The defendant must produce substantial and credible evidence to overcome the presumption of regularity (People v. Boehm, 285 App. Div. 245, affd. 309 N. Y. 362).
*972 The defendant in his affidavit of errors in paragraph 3 indicates ‘ ‘ upon his arraignment the court suggested that the deponent obtain counsel. At that time the deponent was unemployed and supporting a wife and child eight (8) months. Legal Aid refused to represent him. Thereafter, and on said December 7,1970, the Court accepted defendant’s plea of guilty. After conviction, deponent was first advised by the Court that his license could be suspended for one (1) year.”
The court has no independent recollection of this matter and it is incumbent on the defendant to submit the minutes of arraignment to cast some light on the questions presented here. This the defendant failed to do. The file indicates that the court marked “ December 21, 1970, adjourn for proof and counsel.” This notation was thereafter stricken by the court, apparently for the reason that the defendant advised that he could not obtain proof or did not wish to submit proof or obtain counsel and wished to plead guilty. The court then levied the fine of $100.
With respect to the admonition to the defendant required by section 335-a of the Code of Criminal Procedure, the court points out that the uniform traffic ticket issued to defendant in compliance with section 335-a, sets forth in bold type in a size equivalent to at least twelve point type, on the summons issued to the defendant as follows:
‘1 A PLEA OE GUILTY TO THIS CHARGE IS EQUIVALENT TO A CONVICTION AFTER TRIAL. IF YOU ARE CONVICTED, NOT ONLY WILL YOU BE LIABLE TO A PENALTY, BUT IN ADDITION YOUR LICENSE TO DRIVE A MOTOR VEHICLE OR MOTORCYCLE,
AND YOUR CERTIFICATE OF REGISTRATION, IF ANY, ARE SUBJECT TO SUSPENSION AND REVOCATION AS PRESCRIBED BY LAW.”
The court concludes the defendant was advised of his right to counsel; of his right to submit proof to warrant a dismissal of the charge without trial; of the right to plead not guilty; and that if he wished an adjournment to consult with counsel or submit proof, that the matter would be so adjourned; and that in addition.to the punishment that this court would impose, that the Motor Vehicle Department might suspend or revoke his license to operate a motor vehicle or to own one. The defendant chose to plead guilty, and he can not now change his mind and ask for another chance. There must be some finality to the judgments of a court. The arraignment with respect to a misdemeanor is serious business and should be so regarded by the *973 defendant who was fully informed of his rights. He made his decision which he should be obliged to abide by.
III.
The writ of error coram nobis will not lie (1) where the evidence or facts to be thus proved were, or should have been, known at the trial, (2) where no explanation is offered for the failure to introduce such evidence at the trial, and (3) where the allegedly newly discovered evidence is not of sufficient materiality to warrant a new trial, as where it probably would not have caused a different result (24 C. J. S., Criminal Law, § 1606 [17] citing cases from other States).
Defendant submits his own insurance policy in an attempt to prove he was insured on the date of the misdemeanor. The policy covers “ all sums which the insured shall become legally obligated to pay ” because of bodily injury or property damage “ arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile ”.
The policy defines “ owned automobile ” as a “ private passenger automobile described in this policy (1969 Volkswagen) ”. “Private passenger automobile ” is defined as a “ four wheel private passenger, station wagon or jeep type automobile ”. A mini-bike is not a private passenger automobile nor an after acquired private passenger automobile. (Lalomia v. Bankers & Shippers Ins. Co., 35 A D 2d 114.)
The policy defines “non-owned automobile ” as “an automobile not owned by or furnished for the regular use of either the named insured or any relative ”. Nowhere does the policy define automobile and therefore defendant is insured if the definition of automobile includes a mini-bike. For the following reasons the mini-bike is insured.
Section 319 of the Vehicle and Traffic Law permits a person to operate an uninsured motor vehicle when the owner does not have it insured if at the time of its operation such person had in effect his own policy of liability insurance as defined in section 318. Subdivision 8 of section 318 defines liability insurance to mean a policy which shall insure the insured against bodily injury or property damage arising out of the use by him of any motor vehicle not owned by him subject to the same minimum provisions of subdivision 4 of section 311. Subdivision 4 of section 311 states that the Superintendent of Insurance shall not prescribe minimum provisions which fail to reflect the *974 provisions of automobile liability insurance policies, other than motor vehicle liability policies as defined in section 345. Subdivision (c) of section 345 finally states that the operator’s policy of liability insurance shall insure the insured from damages because of bodily injury or property damage arising out of the use by him of any motor vehicle not owned by him.
The motorized bicycle (mini-bike) which is classified as a motor driven cycle (Vehicle and Traffic Law, § 124) is a motor vehicle within the meaning of the Vehicle and Traffic Law (see Matter of Allcity Ins. Co. [Di Lorenzo], 33 A D 2d 665; Early v. MVAIC, 32 A D 2d 1042; Matter of Askey [General Acc. Fire (& Life As sur. Corp.], 30 A D 2d 632; Vehicle and Traffic Law, § 125; Lalomia v. Bankers & Shippers Ins., supra, p. 116). Futhermore, in Matter of Allcity Ins. Co. (Di Lorenzo) supra, the court concluded that a motorized bicycle was an automobile and a motor vehicle embraced within the terms of the uninsured motorist’s indemnification indorsement (see, also, People v. Moe, 62 Misc 2d 27).
Coram nobis is an extraordinary measure designed to call up facts unknown at the time of the judgment, facts which affect the validity and regularity of the judgment itself, facts, which, if known would have precluded the judgment rendered (People v. Sullivan, 3 N Y 2d 196, 199). In the same case, Judge Desmond concurred by stating ‘ ‘ no clear rule or rules exist and each case must be decided according to its own equities
In People v. Tomaselli (7 N Y 2d 350) the court stated that post conviction relief is available to a defendant only where the action complained of was committed by the State, through the court, prosecutor or other law enforcement officer. However, in the later case of People v. Goodwyn (26 A D 2d 586) the court ordered a hearing and determination upon the issue of whether defendant was divorced from his former wife so that he could not be guilty of bigamy. The hearing was ordered even though the question of the divorce was within the knowledge of defendant.
The court is constrained to follow the Goodwyn case and orders a hearing at a date and time fixed by the clerk on the question of insurance. The defendant will produce a copy of the minutes of his arraignment, plea, and sentence. He shall establish at the hearing how his insurance policy is newly discovered evidence within the meaning of the law.