BRUCE SOLTIS, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 77884.)

Third Department, March 4, 1993

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Michael S. Buskus* and *Peter H. Schiff* of counsel), for appellant-respondent.

*Michael Rikon, P. C.,* New York City, for respondent-appellant.

### OPINION OF THE COURT

LEVINE, J.

Claimant's cause of action against the State was based upon the alleged medical malpractice of Nicholas Scors in performing a lymph node biopsy excision on claimant's neck, during which he allegedly severed a spinal accessory nerve. Claimant was an inmate in the State's correctional system at the time of the operation, which was performed in the operating room of the clinic at Clinton Correctional Facility in Clinton County. Based upon proof that Scors was an independent contractor, the State previously moved for summary judgment on the ground that it was not vicariously liable for any malpractice committed by that physician. We affirmed the denial of summary judgment by the Court of Claims, concluding that a triable issue of fact was presented as to whether the State could be held liable on a theory of ostensible agency or agency by estoppel (172 AD2d 919).

The case then proceeded to trial, at the conclusion of which the Court of Claims found that Scors had been guilty of

malpractice and that the State was liable under the doctrine of estoppel by agency, because it was reasonable for claimant to have assumed under all the circumstances that Scors' services were provided in the capacity of an employee of the State. The court awarded claimant $53,000 for past pain and suffering and $65,000 for future pain and suffering. These cross appeals ensued.

▮ The State's sole point on its appeal concerns the refusal of the Court of Claims to receive evidence of the custom and practice of the physician's assistants and nurses at the clinic of Clinton Correctional Facility to advise inmates that the treating physicians were not employees of the State. The State, in an offer of proof, proposed to elicit this evidence through the testimony of James Sorrell, a physician's assistant at the facility whose period of employment spanned the date of claimant's operation. Sorrell had not assisted in claimant's treatment and, thus, was not the staff person who would have informed claimant of Scors' status, but the physician's assistant who had attended claimant was no longer in the employ of the State. The Court of Claims refused to accept this proof because it was "no[t] direct evidence that advice was given to the claimant with respect to this specific operation".

In our view, the Court of Claims erred in rejecting out of hand the foregoing proof. New York has long followed the traditional common-law rule of evidence that permits proof of a business, professional or other institutional practice or custom to be introduced as probative evidence that the practice or custom was or would have been followed under the same set of circumstances on a specific occasion (see, *Halloran v Virginia Chems.*, 41 NY2d 386, 391; *Lisanti v Kenny Co.*, 225 App Div 129, 135, *affd without opn* 250 NY 621; 2 Bender's New York Evidence § 72.02; Fisch, New York Evidence § 217 [2d ed]). Section 406 (a) of the Proposed New York Code of Evidence states in pertinent part that "[e]vidence of * * * the routine practice of an organization * * * is relevant to prove that the conduct of the * * * organization on a particular occasion was in conformity with the * * * routine practice". The foregoing provision "codifies present law in commercial and professional cases" (Proposed NY Code of Evidence § 406, comment [a] [1991]).

Claimant, however, relying on *Halloran v Virginia Chems. (supra)*, contends that custom or practice evidence was inadmissible here because Sorrell would have testified to the custom and practice of various other persons, not just his own,

and because he was not in complete control of the circumstances at the time of claimant's operation. There is dictum in *Halloran v Virginia Chems. (supra,* at 392) which may be read in support of claimant's position. However, the main thrust of *Halloran* was to authorize, for the first time, the introduction in negligence actions of evidence of habit or custom to prove the exercise of due care or the lack thereof on the specific occasion at issue *(see, supra,* at 391-392), and it was in the context of that ruling that the dictum relied upon by claimant was expressed. There is nothing in the *Halloran* decision, however, to suggest an intent to narrow the traditional evidentiary rule respecting the admissibility of business, professional or other institutional custom or practice on matters other than negligence or due care.

Under the traditional rule, the admissibility of business, professional or other institutional custom or practice is not limited to instances where the witness is to testify solely to a personal habit or custom and was in total control of the circumstances. The case of *United States v Oddo* (314 F2d 115 [2d Cir, Thurgood Marshall, J.], *cert denied* 375 US 833) illustrates the lack of any such restriction in the traditional rule. In that case, the Government had brought a denaturalization proceeding against the defendant based upon his alleged concealment of a prior criminal record when he applied for citizenship. As part of its proof, the Government sought to establish that the defendant had twice orally denied under oath that he had ever been arrested when he was interviewed during the application process by a preliminary examiner and a designated examiner, both of whom were deceased by the time of the denaturalization case. The Government was permitted to prove the defendant's oral denials under oath to those examiners by testimony of a former employee of the Immigration and Naturalization Service regarding the customary practice, at the pertinent time, of the office which processed the defendant's application for citizenship. Specifically, it was held proper for the former employee to testify "that the existence of certain checkmarks and initials on [the defendant's] Preliminary Form indicated that both examiners, having placed the defendant under oath, had orally asked him each of the questions on the form, including Question 29, and had received the same answer as the one that he had given in writing" *(supra,* at 117). The status of the former employee-witness in *United States v Oddo (supra)* is the same as that of the witness Sorrell in the instant case, i.e., an employee

testifying to custom and practice of his organization, as probative evidence of the conduct of other employees of the organization on a given occasion. The New York cases are completely consistent with *United States v Oddo (supra; see, e.g., People v Boehm,* 285 App Div 245, 247-248, *affd* 309 NY 362; *People v Mavis,* 5 Misc 2d 943, 944-945 [in postconviction coram nobis proceeding, the People may introduce testimony of a court clerk that the custom and practice of the Judge of the court at the time of the conviction was to advise each defendant upon arraignment of the defendant's right to counsel]; *Lisanti v Kenny Co., supra* [evidence of a practice by the plaintiff's regular employer to issue a formal release or furlough to any employee on temporary leave of employment admissible to disprove the defendant's defense that the plaintiff had become a special, ad hoc employee of the defendant at time of accident]). Thus, we find the decision in *United States v Oddo (supra)* to be controlling.

■ Claimant's cross appeal relates to the claimed inadequacy of the Court of Claims' award of damages as to future pain and suffering and in omitting any award for lost wages. The Court of Claims found as a fact that claimant had exaggerated his sensations of pain and the extent of his disability. The court also rejected claimant's evidence on lost wages as speculative. The court further found that, through nerve regeneration, physical therapy and exercise, claimant's left trapezius muscle had been almost restored to normalcy with a consequent reduction in pain and greater range of motion, so that claimant is no longer functionally disabled except as to extreme movement of his left shoulder. However, the Court of Claims found a residual abnormality to claimant's spinal accessory nerve which will cause claimant periodic throbbing pain in the future. The court's findings based essentially on credibility determinations are entitled to deference on appeal, and its other findings cannot be said to be against the weight of the evidence. The determination of damages for past and future pain and suffering, and the denial of recovery for lost wages, are consistent with the Court of Claims' findings Therefore, the damages award should not be disturbed.

It follows from the foregoing, that the judgment should be reversed, insofar as it imposed liability upon the State for Scors' malpractice, and the matter should be remitted solely for a reconsideration of that issue after reopening the proof in order to permit the State to submit evidence, upon the estab-

lishment of a proper foundation of Sorrell's testimony concerning the above-described custom and practice at the clinic of Clinton Correctional Facility.

WEISS, P. J., MAHONEY, CASEY and HARVEY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.